## THE LADY FURNESS.

### STEINDL v. THE LADY FURNESS.

#### (District Court, E. D. New York. December 1, 1897.)

1. SEAMEN'S WAGES—DESERTION.

   The mere fact that a fireman on a steamship is required to perform extra watches, in place of sick seamen, does not justify desertion, in the absence of any claim of bad treatment or deviation; nor is the desertion justified by the fact that the contract under which he was serving may have been harsh, or the term thereof long (three years). And one so deserting cannot recover wages.

2. SAME—JURISDICTION—FOREIGN SHIPS AND CREWS.

   Whether the court shall take jurisdiction of a suit by a foreign seaman against a foreign ship for wages is a matter largely in its own discretion, and it may do so notwithstanding a request to the contrary by the consul of the country to which the ship belongs.

This was a libel in rem by Anton Joseph Steindl against the steamer Lady Furness to recover seaman's wages.

Hyland & Zabriskie, for libelant.
Robinson, Biddle & Ward, for claimant.

TENNEY, District Judge. This is a libel against the British steamship Lady Furness for seaman's wages. It appears that on or about September 3, 1895, the libelant entered into a contract, or signed certain shipping articles, for a voyage, as fireman on said

steamship, to China and Japan, and other ports or places within the limits of 75 deg. north and 60 deg. south latitude, the maximum time to be three years, trading in any rotation, and ending in the United Kingdom. The Lady Furness was an English vessel. The contract, though made at Hamburg, was to be interpreted according to English laws. The libelant entered upon such contract, and continued to act as fireman until on or about September 3, 1896, when he left said steamship, while at the port of New York, and when she was about to sail for Cape Town and Cape ports. The captain was thereupon obliged to secure another fireman, at increased wages, and at more or less inconvenience. It is claimed, however, that the libelant had cause to desert such ship, and that the ship is liable for the balance of his wages. I do not think this contention sound. The libelant says that he left the Lady Furness because of the extra work he had to do. He does not allege or claim cruelty, or bad treatment, or deviation, or that the voyage was at an end, but simply that he had to do the watches of two other seamen who were sick; that for one of these seamen he had two hours for each of two days, and for the other seaman he had two hours for each of five days, making fourteen hours in all. If he left the steamship because of extra watches, why did he not leave promptly when the ship arrived at the port of New York? Why did he work and wait 23 days, and leave her the very day she was going to sea, and but a few hours before? During one year of service the libelant had to perform 14 hours of extra watches for two sick seamen. He made no complaint to the British consul on arriving at the port of New York. He made no complaint to the captain of the steamship, or first mate. If he did, they both deny the same. The libelant knew, or ought to have known, when he signed the shipping articles, that he might be called upon to do the work of sick associates. This is not unreasonable or unusual. The contract may have been harsh, and the time thereof may have been long; but the libelant was aware of this, or ought to have been, when he signed the contract. There were six firemen on this steamship during this voyage, and none of them left of his own accord, excepting this libelant, and four of them continued on the ship's voyage from New York to the Cape ports. That the ship was about to sail into a hot climate, and the libelant's fear that he might have to perform more extra watches, do not warrant or justify him in quitting the ship, and thereby put her captain to additional expense and inconvenience in procuring another fireman. Actions of this character should not be encouraged. Shipowners have rights, as well as sailors, and the rights of each should be respected and upheld by the courts. The contract was signed and entered into by the libelant, and I fail to see any good or sufficient reason for his breaking the same and deserting the ship.

It is urged, however, that the court should not entertain jurisdiction of this case. Even the British consul at the port of New York has requested this court "not to exercise jurisdiction." It will not be disputed, I apprehend, that the matter of jurisdiction, in a case like the one at bar, is very much in the discretion of the court. This

case has been tried, and it seems to me that time and expense, and perhaps further litigation, will be saved by this court taking jurisdiction of this case, which it does, notwithstanding the courteous letter of the British consul to the contrary. The libel is therefore dismissed, with costs. Let a decree be entered accordingly.