**THE GANDIA.**

No. 15928.

District Court, E. D. New York.

July 18, 1940.

William L. Standard, of New York City, for libellants.

Hatch & Wolfe, of New York City (J. Newton Nash, of New York City, of counsel), for respondent.

GALSTON, District Judge.

On June 3, 1940, the libellants filed this libel alleging that the steamship Gandia was a merchant vessel flying the Belgian flag and registered under the laws of Belgium; that she was owned, operated or controlled by the Compagnia Maritime Belge, S. A., a Belgian corporation; that all of the libellants are Belgian merchant seamen, and that on April 20, 1940, they were hired to serve as seamen aboard the vessel with wages at $45 a month, together with maintenance. It is alleged that the libellants signed on the vessel at Antwerp under articles calling for a voyage to New York and return to Belgium, the vessel to sail from the port of New York on May 15, 1940; that the vessel arrived at Pier 33 in the Borough of Brooklyn on or about May 7, 1940, having had a general cargo on board, and that part of said cargo was unloaded;

thereafter on May 13, 1940, a cargo of wheat was loaded on board the vessel at a pier in Jersey City and was unloaded on May 14 at Pier 33 in Brooklyn. The libel continues in allegation that the vessel failed to sail for Antwerp from the port of New York on May 15th and on the day the libel was filed was still at Pier 33 in the Borough of Brooklyn.

 It is likewise alleged that Belgium entered the European war on May 10, 1940; that the original voyage in consequence was abandoned and that both the Belgian Consul at New York and the master of the vessel were uncertain as to the future conduct of the vessel and what its next port would be or when it would arrive at any port, or when the vessel would return to its home port in Antwerp; that such abandonment was in violation of the terms of employment. It also appears from the libel that the libellants, on or about May 17, 1940, had several times asked the master to give them an amount less than half the balance of the wages earned and that the master refused to pay said sum and gave each of them only the following amounts: on May 7, $5; on May 11, $2.50; on May 18, $2.

The refusal of the master to pay half of the earned wages, it is contended, constituted a violation of Sec. 4530 of the Revised Statutes, Title 46, U.S.C. Sec. 597, 46 U.S. C.A. § .597. These seamen claim a balance due each in the sum of about $60, and for the refusal of the master to pay the wages to which they were entitled there are also due penalties for double wages pursuant to provisions of Sec. 4529 of the Revised Statutes, Title 46, U.S.C., Sec. 596, 46 U.S. C.A. § 596.

The Compagnia Maritime Belge, S. A., of Antwerp, appeared as claimant and now seeks to have the court decline jurisdiction on the ground that the Belgian consular agent in the City of New York has exclusive jurisdiction in controversies of this kind under Belgian law.

In the first place it appears that the occupation of Belgium by the armed forces of Germany, on or about May 10, 1940, has deprived the libellants of a forum in their own country for the disposition of their rights. Moreover, after this vessel was libelled by a deputy marshal on June 3, 1940, the jurisdiction of the court cannot be challenged by either the Consul or the master. There is no suggestion of immunity such as could be raised if the SS. Gandia were a public vessel in the service of the Government of Belgium. The facts alleged in the libel bring the case within the statutes relied on and accordingly give jurisdiction to the United States District Court. The Sonderborg, 4 Cir., 47 F.2d 723; Heredia v. Davies, 4 Cir., 12 F.2d 500; Strathearn S. S. Co. v. Dillon, 252 U.S. 348, 40 S.Ct. 350, 64 L.Ed. 607.

The motion is denied. Settle order on notice.