## VARVVOVSOS et al. v. PEZAS.

District Court, S. D. New York.

July 8, 1941.

Melton, Lebovici & Arkin, of New York City (Herbert Lebovici, of New York City, of counsel), for libelants.

Frederick H. Cunningham, of New York City, for respondent.

GODDARD, District Judge.

The respondent appears specially and moves for an order of the Court declining to take jurisdiction of this suit and dismissing the libel. The suit in admiralty is brought by sixteen Greek seamen in personam against the Greek owner of the Greek vessel S. S. Kyma. Libelants have attached funds of the respondent in this district amounting to some $42,100. On February 15, 1941, libelants signed articles in Baltimore, Maryland, for a voyage to the United Kingdom and return. The Kyma proceeded to England but instead of returning to Baltimore, went to Montreal, Canada, where the master refused to pay them the wages contracted for in the articles and attempted to compel them to accept wages averaging less than one-half the amounts stipulated. The master based his refusal upon an alleged decree of the Greek Government (Decree No. 11,114)

fixing the wages of seamen on Greek vessels, which he asserted had been promulgated while the Kyma was at sea. The libelants declined to accept the wages offered to them or to reship on the Kyma until they were paid their full wages, and as the present law in Canada forbids the paying off of such seamen in Canada or their reshipment on other vessels, they were placed in jail pursuant to the Canadian Immigration Law. A libel was filed in Montreal against the vessel but upon being advised that as the Kyma was under charter to the Crown and was exempt from process, the libel was withdrawn. Thereafter, libelants attached respondent's funds in New York and filed this libel to recover wages, transportation to Baltimore, where they signed on, and damages for wrongful imprisonment.

Greece is occupied by the armed forces of Germany and Italy; libelants have no remedy there, and nowhere if not in this country where they signed on and where the respondent has funds which they have attached. The retention of jurisdiction of a suit in admiralty between foreigners is within the discretion of this court. Charter Shipping Company, Limited v. Bowring, Jones & Tidy, Limited, 281 U. S. 515, 50 S.Ct. 400, 74 L.Ed. 1008; The Belgenland, 114 U.S. 355, 5 S.Ct. 860, 29 L.Ed. 152; The Wilja, 2 Cir., 113 F.2d 646, 1940 A.M.C. 1288.

"Normally disputes arising out of a seaman's employment are referred to the tribunals of the flag. * * * Nevertheless, courts of admiralty, which are sensitive to a seaman's rights, or at least have always professed to be, will in such cases, before turning him out of court, satisfy themselves that there are no special circumstances which will leave him without adequate remedy". The Falco, 2 Cir., 20 F.2d 362, 363.

There are special circumstances in the present situation which I think fully justify this court in retaining jurisdiction of the case at bar. Owing to the present war in Europe and the conditions now prevailing there and in Canada, these libelants would be left without an adequate remedy if this court were to refuse to exercise its jurisdiction. Such a result would work an unnecessary hardship on the libelants and should be avoided, particularly where, as here, the contract for services of the seamen was entered into in this country.

See The Sonderborg, 4 Cir., 47 F.2d 723, certiorari denied, Akties, Dampskibsselskabet Donneborg v. Mikkelsen, 284 U.S. 618, 52 S.Ct. 7, 76 L.Ed. 527; The Lady Furness, D.C., 84 F. 679; The Lilian M. Vigus, Fed.Cas.No.8,346.

Respondent's motion for an order declining jurisdiction and to dismiss the libel is denied.