## KYRIAKOS v. POLEMIS et al.

District Court, S. D. New York.

June 17, 1943.

Arkin, Lebovici & Kottler, of New York City (Edward Arkin, of New York City, of counsel), for libelant.

Reid, Cunningham & Freehill, of New York City (Frederick H. Cunningham, of New York City, of counsel), for respondents Goulandris Bros. and others.

BRIGHT, District Judge.

This action was brought by libelant, a Greek citizen residing in this district, who, at the time of the occurrence sued upon, was a seaman employed on the S. S. Theomitor, a vessel flying the Greek flag, and claimed to be owned by the respondent Michael Polemis, and to be operated by the other respondents, all of whom are aliens. Libelant claims that he was assaulted, stabbed and seriously wounded by Georgios Bouritis, who, at the time, was also a seaman on the same ship, and who, it is alleged, was of a vicious, violent and unbalanced nature and disposition to the knowledge of the respondents. He seeks damages in separate causes of action for such assault under the General Admiralty Law, and also for negligence under the Jones Act, 46 U.S. C.A. § 688, for maintenance and cure, and for unpaid wages. The citation as appears from the marshal's return, was served upon the respondents Goulandris Bros., Goulandris Bros. (Helias) Ltd. and General Steam Navigation Co. Ltd. of Greece, by delivering the same to Michael Goulandris, managing agent of the General Steam Navigation Co. Ltd. of Greece, which, it is claimed, is agent for the other respondents served. The respondents appear specially, requesting an order declining jurisdiction on the ground that it is a suit between aliens, and dismissing the libel for failure to state a cause of action. It appears without dispute that the steamship is a Greek vessel under requisition by the Greek government, and chartered to the British government. The assault sued

716

upon occurred in the State of Florida, on shore, some distance from the ship, while libelant was returning to the ship after purchasing for his use soap which is not furnished to seamen on Greek ships. Since the assault, libelant, through another attorney, commenced an action in the New York Supreme Court, upon the same facts, which action is still pending but which the opposing affidavit shows is apparently against the wrong person. The contract for the employment of the libelant was made in New York and covered a voyage to end in New York. At the time of the assault, the ship had not left the territorial waters of the United States. Under the special circumstances existing, because of the war conditions and the probability that in no other place can this libelant obtain relief, if he is entitled to any, the motion is denied. The motion to dismiss for failure to state a claim has not been seriously argued, nor do I think it has any merit. The Belgenland, 114 U.S. 355, 367, 5 S.Ct. 860, 29 L.Ed. 152; The Sonderborg, 4 Cir., 47 F.2d 723, certiorari denied 284 U.S. 618, 52 S.Ct. 7, 76 L.Ed. 527; The Gandia, D.C., 34 F.Supp. 405; Varvvovsos v. Pezas, D.C., 41 F. Supp. 318.