THE IVARAN.

District Court, S. D. New York.
Oct. 15, 1940.

Samuel Segal, of New York City, for libelant.

Haight, Griffin, Deming & Gardner, of New York City (Edgar R. Kraetzer, of New York City, of counsel), for claimant.

CONGER, District Judge.

Motion by the claimant petitioning the Court to decline jurisdiction in this action and to dismiss the libel. This is an action

230

in admiralty in rem and in personam for injuries to a seaman.

The facts briefly are as follows: Libelant is a citizen of Norway; he signed articles of employment for the ship Ivaran in Norway; he was sent to this country to join the ship sometime during the latter part of 1939. He became a member of the crew at New York City in December, 1939, and a short time thereafter, while the vessel was at Baltimore, he was injured. In the ship's articles, signed by libelant, he agreed that his employment on the vessel should be governed by the terms of the Norwegian law.

Under the law of Norway, a seaman is entitled to recover for his injury, compensation from the Royal Insurance Fund, which is in the nature of compensation insurance and which is exclusive. The pertinent section of the Norwegian law which is applicable is as follows: "Shipowners, Masters and others who command on board incur no liability, either personally or with the value of the ship and freight, for accidents which come within the cognizance of the present Law, except when it is proved by a criminal sentence that the injury was caused purposely or by gross inadvertency." (§ 28, Section 1, Laws of June 24, 1931 of the Kingdom of Norway.)

Under the Norwegian law if libelant were to have any relief he would have to go to Norway, which, under the present circumstances, is impossible. From the papers it would appear that libelant was seriously injured. He appeals to this Court for relief, and asks this Court to take jurisdiction, or otherwise he will be irreparably harmed. As he states in his own affidavit: "This motion should be denied. I cannot too strongly urge upon this Court that, to grant this motion would not only inflict a very grave hardship upon me, but would defeat the ends of justice, as well." I feel very sorry for this libelant. A situation is disclosed in the papers which is extremely distressing. Libelant's attorney in his brief appeals to the Court and practically reiterates the plea of the libelant that if he were compelled to go to Norway it would amount to a denial of justice.

However, since the motion was argued, I have received an affidavit from the Consul General of Norway, who has an office in New York City. He states, in his affidavit, that he is authorized to take jurisdiction of claims of this character and he will arrange to have said claim heard

and determined under the provisions of the law of June 24, 1931, of the Kingdom of Norway, relating to the insurance of seamen against accidents, and he will further arrange for the payment of such awards as may be made pursuant to the terms of that law.

This gives to the seaman the same relief he would have if he went back to Norway; it gives to him the relief a Norwegian citizen on a Norwegian vessel is entitled to under the Norwegian law. Since he has a remedy, and this relief can be given to him here in this country, I can do nothing else but grant this motion.

This case comes squarely within the decision of The Paula, 2 Cir., 91 F.2d 1001, certiorari denied Peters v. Lauritzen, 302 U.S. 750, 58 S.Ct. 270, 82 L.Ed. 580. Motion granted. Settle order on notice.