## RADOVCIC v. THE PRINC PAVLE.

District Court, S. D. New York.

July 30, 1941.

William L. Standard, of New York City (Louis H. Rubinstein, of New York City, of counsel), for libellant.

Frederick H. Cunningham, of New York City, for claimant.

COXE, District Judge.

This is a suit in rem by a seaman for personal injuries. The libellant is a Yugoslav citizen. The libel alleges that he was injured on the high seas on March 28, 1941, while working on the S.S. "Princ Pavle", a merchant vessel flying the Yugoslav flag. The vessel was attached, but was later released on the claim of the owner and the filing of a bond.

The present motion is made by the claimant to dismiss the libel (1) on the ground of insufficiency, and (2) because the suit is by a foreign seaman against a foreign vessel for injuries sustained on the high seas.

With respect to the first ground of the motion, it is insisted by the claimant that the libel is defective in that it merely alleges that the injuries were caused by negligence. This is, however, not the whole story, as there are specific allegations, which, in effect, charge that the accident resulted from unseaworthiness. I am inclined to think, therefore, the libel is sufficient as a pleading.

In support of the second ground of the motion, the claimant has submitted an affidavit of the Royal Yugoslav Consul General at New York, stating that "under the provisions of the Yugoslav law, an injured seaman has a full and complete right to compensation from the insurance fund, a governmental agency", and, further, "that awards for compensation and indemnity for injuries sustained by Yugoslav seamen aboard Yugoslav merchantmen which are now requisitioned by or under the control of the Yugoslav government, are now decided and/or adjudicated pursuant to Yugoslav law by the Arbitration Board of the Yugoslav Shipping Committee, 11 Broadway, New York". This affidavit is clearly insufficient to justify the court in refusing to take jurisdiction of the suit. It does not even consent to the adjudication of the claim by the Arbitration Board of the Yugoslav Shipping Committee, much less to undertake to pay any award ultimately made. In the recent case of The Ivaran, D.C., 35 F.Supp. 229, the Consul General of Norway not only agreed to have the claim heard and determined, but also stated that he would arrange for the payment of any award made to the claimant;

yet, the Circuit Court of Appeals in affirming the dismissal of the libel was careful to provide that the affirmance was "without prejudice to renewal of the suit in the event that the remedy available to the seaman by presentation of his claim to the Norwegian Consulate in New York should prove to be non-existent." The Ivaran, 2 Cir., 121 F.2d 445, 446, decided by Circuit Court of Appeals June 30, 1941.

The motion of the claimant to dismiss the libel is in all respects denied.