**TAYLOR v. ATLANTIC MARITIME CO. et al.**

No. 119, Docket 21498.

United States Court of Appeals Second Circuit.

Argued Jan. 5, 1950.

Decided Jan. 23, 1950.

Silas Blake Axtell, New York City, for the appellant.

Reid, Cunningham & Freehill and Frederick H. Cunningham, New York City, for the appellee.

Before L. HAND, Chief Judge and SWAN and CLARK, Circuit Judges.

L. HAND, Chief Judge.

The plaintiff was a seaman, who died, after appealing from a judgment

summarily dismissing his complaint in an action to recover for aggravation of his illness by the shipowner's failure to give him proper care while he was ill of tuberculosis on board the ship. The complaint also alleged that the plaintiff became ill because the ship was unseaworthy, but, since that was a maritime fault, like the failure to care for him after he became ill, it does not affect the result. The plaintiff was a citizen and resident of Panama, and the owner was a corporation, organized under the laws of Panama. The judge dismissed the complaint because the Jones Act[1] did not apply, and because, so far as the action was based upon the maritime law, the case was one of which in his discretion he was free to refuse jurisdiction, since it was between aliens. As to any claim under the maritime law we affirm his decision because we see no reason to disturb his discretion. So far as appears, the action could as well be brought in Panama as here. Besides, although, if the action had been in rem, the maritime claim would survive the plaintiff's death,[2] as it would, had the injury happened in a state where a claim for tort survives,[3] it is not definitely settled that a maritime claim in personam survives, if it arises on the high seas. However, there is no doubt of the survival of a claim under the Jones Act, and we address ourselves to that question. It must be owned that that answer is not as free from doubt as we could wish. We have held that an alien, who signs articles in a foreign port for service on a foreign ship and is injured aboard ship in an American port, may not invoke the Jones Act;[4] and we have also denied recovery to an alien, who was injured on the high seas and who had signed the articles in a foreign port, although he had resided in this country for twenty years and had applied for naturalization;[5] and this we held in spite of the fact that for the purposes of the Jones Act such a continued residence puts a seaman in the same position as an American citizen.[6] Hence, if the libellant, a non-resident alien, had not signed the articles in Norfolk, he could not have invoked the Act; and, if he was entitled to recover at all, it must have been by virtue of that fact.

The Jones Act gives to an injured seaman an "action" in which "all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply." Under the ordinary convention, if a seaman is injured on the high seas, his rights are the same as though he had been injured within the country of the ship's flag;[7] unless the owner be American.[8] When a seaman signs articles in a foreign port for service on an American ship, and is injured on the high seas, there is no embarrassment, whether one regards the claim as sounding in tort, or in contract. So far as it sounds in tort, it depends upon American law—the law of the flag—; so far as it sounds in contract, although the law of the place where the contract is made will ordinarily apply, it is a well-recognized exception that in all that concerns the "internal economy" of the ship the law of the flag controls.[9] On the other hand, if the seaman is serving on a foreign ship, and if in addition he has

1. § 688, Title 46 U.S.C.A.

2. The Ticeline, 2 Cir., 221 F. 409; The Lafayette, 2 Cir., 269 F. 917.

3. Just v. Chambers, 312 U.S. 383, 61 S.Ct. 687, 85 L.Ed. 903.

4. The Paula, 2 Cir., 91 F.2d 1001.

5. O'Neill v. Cunard White Star, Ltd., 2 Cir., 160 F.2d 446.

6. Gambera v. Bergoty, 2 Cir., 132 F.2d 414.

7. The Hamilton, 207 U.S. 398, 28 S.Ct. 133, 52 L.Ed. 264.
   Cunard S. S. Co. v. Mellon, 262 U.S. 100, 123, 43 S.Ct. 504, 67 L.Ed. 894, 27 A.L.R. 1306.

8. Gerradin v. United Fruit Co., 2 Cir., 60 F.2d 927.

9. The Scotland, 105 U.S. 24, 26 L.Ed. 1001; The Belgenland, 114 U.S. 355, 5 S.Ct. 860, 29 L.Ed. 152; United States

signed articles in a foreign port, obviously there can be no recovery either in tort or in contract, even though, as in The Paula, supra,[10] the injury happens on board ship in an American port.

The variant at bar is that the seaman signed articles in the United States. So far as such a claim sounds in tort, the law of the flag should still apply, which will not include the Jones Act. So far as it sounds in contract, it is first necessary to decide whether the question is one of interpreting the extent of the owner's engagements or of their performance; and although that often involves considerable casuistry it appears very clearly that here the only question is how comprehensively the owner's promise to employ the seaman shall be construed. Is there to be an implied term that, if injured, the seaman may invoke the Jones Act? Obviously, as a matter of any actual intent that would not be true; yet, when one considers that the employment imposes upon the owner exactly the same obligations as though he had accepted them, it becomes manifest that the extent of his assumed duties is at stake; and if that is not, stricti juris, a question of interpretation, there is no rational reason in solving it to resort to another law.[11] It would follow in principle that a seaman who had signed articles in the United States should be able to invoke the Jones Act, if he were injured on the high seas; and he would be able to do so, save for the doctrine which we have just mentioned that, in all that concerns the "internal economy" of the ship, the law of the flag prevails. The decision turns upon which of these two principles is to be paramount.

The answer is somewhat complicated by two decisions of the Supreme Court. In the first[12] the court held that a railway employee who was injured in Canada upon a trip which began and ended in the United States, might not invoke the Railway Act, Federal Employers' Liability Act, 45 U.S. C.A. § 51 et seq., because the claim sounded only in tort, and was governed by the law of Canada. Since the Jones Act makes the rights granted by the Railway Act the measure of those which it itself grants, it would seem difficult to avoid concluding that the seaman's claim also sounds only in tort. That would not run counter to our decision in Kyriakos v. Goulandris,[13] because the injury in that case had happened ashore. However, the value as a precedent of this decision of the Supreme Court in actions under the Jones Act was at best gravely impaired by Cortes v. Baltimore Insular Line.[14] The administrator of a seaman there sued for damages arising from his death because of the owner's neglect to provide proper care of him after he had become ill on board. The owner argued that, since the liability arose at sea and under the maritime law, which did not recognize any claim for causing death, the claim was bad; and that the Jones Act imposed only the same liabilities upon shipowners that the Railway Act imposed upon railroads, which did not include any care for ill employees. Cardozo, J., declared that it was not altogether clear that a railway might not be liable in extreme cases, if it failed to care for an ill or injured employee; so that perhaps there was in the Railway Act at least an analogue to the maritime duty; but he did not rest his decision upon that. The substance of it was in the following passages. "We do not read the act * * * as expressing the will of Congress that only the same defaults imposing liability upon carriers by

v. Rodgers, 150 U.S. 249, 14 S.Ct. 109, 37 L.Ed. 1071; Cunard S. S. Co. v. Mellon, 262 U.S. 100, 43 S.Ct. 504, 67 L.Ed. 894, 27 A.L.R. 1306; Thompson Towing & Wrecking Ass'n v. McGregor, 6 Cir., 207 F. 209; Rainey v. New York & P. S. S. Co., 9 Cir., 216 F. 449, L.R.A.1916A, 1149; The Hanna Nielsen, 2 Cir., 273 F. 171; Grand Trunk R. Co. v. Wright, 6 Cir., 21 F.2d 814; Cain v. Alpha S. S. Corp., 2 Cir., 35 F.2d 717.

10. 2 Cir., 91 F.2d 1001.

11. Restatement of Conflict of Laws, § 346.

12. New York Central Railway v. Chisholm, 268 U.S. 29, 45 S.Ct. 402, 69 L.Ed. 828, 38 A.L.R. 1048.

13. 2 Cir., 151 F.2d 132.

14. 287 U.S. 367, 53 S.Ct. 173, 77 L.Ed. 368.

rail shall impose liability upon carriers by water" 287 U.S. at page 377, 53 S.Ct. at page 176, 77 L.Ed. 368. Again, the act which "does not define negligence * * * leaves that definition to be filled in by the general rules of law applicable to the conditions in which a casualty occurs" 287 U.S. at page 377, 53 S.Ct. at page 176, 77 L.Ed. 368. "Congress did not mean that the standards of legal duty must be the same by land and sea. Congress meant no more than this, that the duty must be legal, i. e., imposed by law; that it shall have been imposed for the benefit of the seaman, and for the promotion of his health or safety; and that the negligent omission to fulfill it shall have resulted in damage to his person" 287 U.S. at pages 377, 378, 53 S.Ct. 176, 77 L.Ed. 368.

■■ This case did not indeed involve a foreign ship, and the decision was not upon the turning point in the case at bar; i. e., whether the law of the place of contract should yield to the law of the flag; but it does establish beyond question that the Railway Act is not to be taken as a rigid pattern for all rights granted by the Jones Act. Judge Clark thinks that, since the overriding purpose of the Jones Act is to protect seamen, it should be understood to include alien seamen and that the law of the flag must yield. Indeed, so far as concerns American seamen, we decided as much in Gambera v. Bergoty, supra;[15] and it must be conceded that, if the doctrine there accepted does not extend to aliens who sign articles in an American port, American citizens may be at a disadvantage as against aliens in shipping foreign. To Judge Swan and me it seems, on the other hand, that, before we impute to Congress the will to change the long settled international understanding that the law of the flag controls in such matters, we should find a more definite expression of that purpose. We of course recognize that it is only a question of interpreting the statute, not of power;[16] but the possible consequences of the innovation seem to us to forbid its ready assumption under the facile phrase of the "policy of the Act." Nor does the possible disadvantage, at which our view might put American seamen, seem to us considerable enough to imply such a purpose, for there will be, we should suppose, only rare occasions when American seamen will find themselves forced to accept the greatly inferior standards of wages and living which prevail on most, if not all, foreign ships. Moreover, we both find strong support for our view in the decision of the Court of Appeals in Sonnesen v. Panama Transport Company,[17] which is on all fours with the case at bar. Nevertheless, in spite of what we should hold, were we free, we think that, although Kyriakos v. Goulandris, supra,[18] can be distinguished because the injury took place on shore, the rationale of the opinion went further; and that it construed the Jones Act as imposing its terms upon all owners who sign on crews in an American port. We do not think it fitting (especially in my own case) to distinguish that decision by a circumstance which was not made pivotal; but rather that we should accept and apply its doctrine as broadly as it seems to have been intended to go. Therefore, though for somewhat different reasons, we all agree that the judgment be reversed, and the action remanded for trial. Since the plaintiff died pending the appeal the suit must be revived under our Rule 9; but when that has been done, the judgment will be reversed.

Judgment reversed; cause remanded.

15. 2 Cir., 132 F.2d 414.

16. Patterson v. Bark Eudora, 190 U.S. 169, 23 S.Ct. 821, 47 L.Ed. 1002; Strathearn S. S. Co. v. Dillon, 252 U.S. 348, 40 S.Ct. 350, 64 L.Ed. 607.

17. 298 N.Y. 262, 82 N.E.2d 569.

18. 2 Cir., 151 F.2d 132.