## PETTERSEN v. THE BERTHA BROVIG.

United States District Court
S. D. New York.

May 4, 1950.

Jacob Rassner, New York City, Jack Steinman, New York City, of counsel, for libellant.

Pyne, Lynch & Smith, New York City, Warner Pyne and Thomas A. Sully, New York City, of counsel, for claimant.

CLANCY, District Judge.

█ This is a motion by the respondent addressed to the Court's discretion requesting that jurisdiction of libellant's claim be declined. The action is for damages for personal injury brought in admiralty by a citizen of Norway now a resident of Mexico against a vessel of Norwegian registry owned and operated under the Norwegian flag by a Norwegian corporation. The vessel is in drydock at Bremen, Germany, and its crew dispersed. The libellant's claim is for damages sustained as a seaman on respondent's vessel through its alleged unseaworthiness. Libellant signed on the vessel in New Orleans on December 4, 1943 and sustained his injuries on May 3, 1949 while the vessel was at anchor in New York. From the time libellant signed on to the date of his injuries the vessel made voyages between New Orleans and Mexican and Central American ports and at no time to Norway. Since his injuries libellant was

at the United States Marine Hospital until October 20, 1949 and since that date has been here as an out-patient of that hospital. He apparently has applied for and received sick pay in accordance with Norwegian Compensation Laws through the Norwegian Consul. Receipt of other benefits is disputed. Respondent contends that the articles signed by libellant make Norwegian Maritime Law his only recourse. It further contends that libellant has chosen his remedy by accepting benefits through the Norwegian Consul and that trial of the action here would be inconvenient. The ship's officers are on other vessels but all reside in Norway. Probably they will be examined by deposition in any event and we give no weight to respondent's difficulties.

The Norwegian Consul at New Orleans has certified a photostatic copy of libellant's articles as well as a translation thereof. The libellant was engaged "on the following conditions; viz., (1) that they shall serve on board the vessel in the capacity here below stated with the obligations and privileges provided under Norwegian Maritime Law." The briefs make no reference to any doubt about the validity of this contract. The libel here is in rem and any rights that might belong to the libellant under the Jones Act, 46 U.S.C.A. § 688, are not at issue. "In the absence of any statute, liability for a tort committed on board a vessel while the vessel is in the territorial waters of a state is determined, if it affects only the internal economy or discipline of the vessel, by the law of the state whose flag the vessel flies. American Law Institute Conflict of Laws, § 405." Kyriakos v. Goulandris, 2 Cir., 151 F.2d 132, at page 138. What his rights are under Norwegian Law we do not regard as wholly determinative of the motion anyway but the Court is advised by an affidavit of the Consul General of the Kingdom of Norway at New York, supplied by the respondent that libellant has a right to a recovery under Norwegian Law and indeed that he has already collected at least part of whatever he is entitled to thereunder. The only dispute made to this allegation of the Consul General is a doubtful statement of the libellant that

he has not received any of his living expenses but he does not contradict the more precise statement of monies alleged to have been delivered to him through the Consul's office made in the Consul's affidavit.

American courts have extended themselves to protect an alien seaman where his circumstances substantially deny vindication and recovery of a just claim. The Apurimac, D.C., 7 F.2d 741, affirmed sub. nom., Heredia v. Davies, 4 Cir., 12 F.2d 500. That was the case of a Peruvian where no Peruvian law to which he could have recourse was submitted to the Court. In this case it is demonstrated without contradiction that under the Norwegian law even in the event of permanent injuries, if libellant can show an inability to reach Norway to press his claim, the Consul General here may entertain and determine it. The size of his recovery, if he obtains one, will not comport with the standards to which American seamen are used but it will be of the size that will represent the obligation which he agreed the vessel assumed in signing him on. We are unable to discover any authority that would serve as a satisfactory precedent for taking jurisdiction in the circumstances and that is one of the norms to guide a Judge in exercising his discretion. The Apurimac, supra, 7 F.2d at page 501.