## LUNDE v. SKIBS A. S. HERSTEIN et al.

United States District Court
S. D. New York.

March 18, 1952.

Silas B. Axtell, New York City, Richard Gyory, New York City, of Counsel, for plaintiff.

Nelson, Healy, Baillie & Burke, New York City, O. Taft Nelson and Richard T. O'Connell, New York City, of counsel, for defendant Skibs A. S. Herstein.

McGOHEY, District Judge.

Skibs A. S. Herstein, the sole remaining defendant, moves to dismiss for lack of jurisdiction. The action is to recover for personal injuries under the Jones Act.[1] There is also a claim for maintenance and cure. Plaintiff is a citizen of Norway and is now domiciled there. Defendant is a Norwegian corporation which owned, operated and controlled the S. S. Black Falcon, a Norwegian vessel flying the Norwegian flag. Plaintiff signed on the vessel as a seaman in Antwerp, Belgium, for a voyage that was to end at a foreign port. His contract of employment provided that the obligations and privileges of his service were to be determined by Norwegian law. While the vessel was tied up at a pier in Brooklyn plaintiff fell to the pier from a scaffold aboard the ship and suffered the injuries complained of. The motion is granted.

The Court of Appeals for this Circuit has "held that an alien, who signs articles in a foreign port for service on a foreign ship and is injured aboard ship in an American port, may not invoke the Jones Act".[2] In The Paula,[3] which established this principle, the Court said that

---

1. 46 U.S.C.A. § 688.

2. Taylor v. Atlantic Maritime Co., 2 Cir., 179 F.2d 597, 598, citing The Paula, 2 Cir., 91 F.2d 1001.

3. Note 2, supra.

Congressional intent to do so ought to be more clearly expressed before courts extend the Jones Act to *"alien seamen who have signed articles abroad on a foreign ship * * *"* [4] (emphasis supplied). The plaintiff, however, argues that because he, unlike the libellant in The Paula, was injured not on board the foreign ship but on the pier and, therefore, in the United States, the rule of The Paula does not apply. But this would make the place of injury the test of Jones Act coverage for alien seamen signing on foreign ships in foreign ports. No case is cited nor has any been found to support that proposition. The cases in this Circuit, at least, are contrary.

One alien seaman serving on a foreign ship, who, though residing in the United States for twenty years was never naturalized, was held to be covered.[5] He had signed on in the United States. Another of similar residence, status and employment was refused coverage.[6] He had signed on abroad. Later, a non-resident alien serving on a foreign ship was allowed coverage precisely only because he had signed on in an American port.[7] In none of these cases did decision turn on the place of injury. In Kyriakos v. Goulandris,[8] it is true, the Court, after noting that the alien seaman serving on a foreign ship had been injured ashore in the United States, said that that fact plus the fact that he had signed on in an American port was "sufficient both on reason and on authority"[9] to permit him to sue under the Jones Act. But it is abundantly clear that the place of injury was not controlling. The pivotal point was rather the fact that the alien had signed on in an American port.[10] This, said the Court, brought him within the class of "all sailors shipping in our ports"[11] who in the Court's view were the ones intended by Congress to be covered by the Jones Act. The plaintiff obviously does not belong to that class and so cannot maintain this action under the Jones Act.

 The claim for maintenance and cure remains. It is within the discretion of the Court to accept or reject jurisdiction over a suit in admiralty between foreigners.[12] I decline jurisdiction on the showing made in affidavits submitted by defendant that plaintiff was repatriated to Norway on December 8, 1951, and that he has an adequate remedy available to him in his own country.

Settle order.

4. Id., 91 F.2d at page 1004.

5. Gambera v. Bergoty, 2 Cir., 132 F.2d 414.

6. O'Neill v. Cunard White Star, 2 Cir., 160 F.2d 446.

7. Taylor v. Atlantic Maritime Co., 2 Cir., 179 F.2d 597.

8. 2 Cir., 151 F.2d 132.

9. Id., 151 F.2d at page 137.

10. See Taylor v. Atlantic Maritime Co., note 7, supra, 179 F.2d at page 600.

11. Kyriakos v. Goulandris, note 8, supra, 151 F.2d at page 137, quoting Patterson v. The Eudora, 190 U.S. 169, 179, 23 S.Ct. 821, 47 L.Ed. 1002.

12. Canada Malting Co. v. Paterson Steamships, Ltd., 285 U.S. 413, 52 S.Ct. 413, 76 L.Ed. 837.