JONASSEN v. UNITED STATES et al.

No. 18869.

United States District Court
E. D. New York.

April 14, 1952.

1. 32 C.F.R. 1624.1.

Haight, Deming, Gardner, Poor & Havens, New York City, for respondent Norwegian America Line A/S, sued as Norwegian-American Lines, Inc. (for motion).

Jacob Rassner, New York City, for libelant (opposed).

BYERS, District Judge.

This is a motion by respondent Norwegian America Line A/S, sued as Norwegian-American Lines, Inc., for an order declining jurisdiction since this is a cause, as alleged, between aliens—Norwegians—and under the laws of Norway there is adequate and sufficient remedy open to libelant.

The facts upon which the motion is based are set forth in affidavits of counsel and the Norwegian Vice-Consul in this city; there is no opposing affidavit, which means that the recitals are accepted as true for the purposes of this motion.

The showing is that the libelant signed shipping articles in Norway and was transported to this country by this respondent in order to join the S. S. Cape Lopez which it managed, operated and controlled on February 4, 1947 (See Answer, Art. Seventh).

The alleged cause, under the Jones Act, 46 U.S.C.A. § 688, is that the respondents ordered the libelant to work on the ship on that day without providing him with gloves, causing him to suffer what was stated on the argument to have been frostbite.

It plainly appears that the laws of Norway afford an adequate remedy to libelant, and that in signing articles he contracted those laws into operation between him and his employer.

Under well-settled doctrine there would seem to be no doubt that the motion must be granted, Taylor v. Atlantic Maritime Co., 2 Cir., 179 F.2d 597 at page 599 (top left-hand column).

The effort is sought in the libelant's brief to bring the case within Gambera v. Bergoty, 2 Cir., 132 F.2d 414, in which an alien, resident here for many years who had served in the U. S. Army and had filed a declaration of intention to petition for naturalization, was permitted to maintain a Jones Act cause in connection with an injury sustained upon a "voyage (which) began and ended in the United States * * * from Trenton to Philadelphia, Norfolk and New York."

It is clear that such libelant was reluctantly described as an alien, as indeed he had to be; but if the opinion is presently understood, the court was saying that for Jones Act purposes it did not propose to allow itself to be constrained by the libelant's status; nor by earlier decisions which had been relied on below, particularly in view of the nature of the particular voyage. Perhaps neither consideration standing alone would have yielded the result

864

which was reached, but taken together (though lacking perhaps the proverbial church-door dimensions), they were deemed to serve.

The present case does not contain either element above discussed. This libelant's past history does not even remotely resemble that of Gambera; and the shifting of this ship from a dock in Hoboken to one in Brooklyn, however enlightened in concept, can scarcely rise to the dignity of a voyage. The rule of decision in The Paula, 2 Cir., 91 F.2d 1001, as reaffirmed in Taylor v. Atlantic, etc., supra, will be followed and the Jones Act cause as pleaded is dismissed; if a cause is asserted under general Maritime law, which is not too clear, jurisdiction is declined. If there is a desire to controvert any material fact as above recited, the Court will entertain a timely motion to take testimony at a hearing.