## JOHANSSON v. O. F. AHLMARK & CO.

United States District Court
S. D. New York.
April 28, 1952.

Harry Eisenberg, New York City, for libelant.

Haight, Deming, Gardner, Poor & Havens, New York City, for respondent.

SUGARMAN, District Judge.

Respondent moves on the ground that "this court does not have jurisdiction of the action", to dismiss a libel claiming damages under the Jones Act[1] and indemnity for unseaworthiness in the first cause of action and maintenance and cure in the second.

This motion will be treated as a hearing on exceptions to the libel, although the parties have proceeded as if this were a civil action.[2]

The following facts are not disputed. Libelant, a citizen of Sweden, signed articles in that country to serve on a Swedish vessel on a voyage from Sweden to ports in the United States. The terminal port of this voyage is not specified. While the ship was on a coastwise run between New York City and Jacksonville, Florida, libelant suffered injuries for which he seeks relief in this suit. Respondent is a Swedish corporation.

Libelant alleges, and respondent denies, that the injuries were sustained within the territorial waters of the United States. For the purposes of this motion it will be assumed that they were.

The Jones Act is inapplicable to a suit by a foreign seaman who signs articles in a foreign port for service on a foreign ship even if he is injured aboard ship in an American port.[3] The papers submitted fail to show where the instant voyage terminated, but no authority can be found to indicate that if the voyage did end in the United States, that factor alone would justify an exception to the rule. Accordingly, the exception to the first cause of action under the Jones Act is sustained.[4]

Treating now the first cause of action as a claim for indemnity under the maritime law based on unseaworthiness and the second cause of action for maintenance and cure, entertainment of this suit is a

---

1. 46 U.S.C.A. § 688.

2. Admiralty Rule 27, 28 U.S.C.A.; Murray v. The Meteor, D.C., 93 F.Supp. 274.

3. The Paula, 2 Cir., 91 F.2d 1001.

4. Jonassen v. United States, et ano—decision by Judge Byers, E.D.N.Y., 103 F. Supp. 862.

matter of discretion.[5] In the exercise of this discretion, inquiry must be made whether justice will be as well done by remitting the parties to their home forum. If so, jurisdiction will be declined.[6]

■ It appears that libelant has received and is entitled to substantial benefits in the nature of compensation for his injuries, under the law of Sweden. No injustice will be done if he is left to those remedies.[7]

Accordingly, the exceptions to the first cause of action for indemnity and the second cause of action for maintenance and cure are sustained and the libel is dismissed.

Settle order.

---

5. Canada Malting Co. v. Paterson Steamships, 285 U.S. 413, 52 S.Ct. 413, 76 L.Ed. 837.

6. Langnes v. Green, 282 U.S. 531, 544, 51 S.Ct. 243, 75 L.Ed. 520.

7. The Paula, supra; Varvvovsos v. Pezas, S.D.N.Y., 41 F.Supp. 318; Catherall v. Cunard S. S. Co., Ltd., S.D.N.Y., 101 F. Supp. 230.

