**GONZALES v. DAMPSKSLSK DANIA A. S.
THE DANVIG.**

United States District Court
S. D. New York.
Dec. 12, 1952.

Haight, Deming, Gardner, Poor & Havens, New York City, James M. Estabrook and David P. H. Watson, New York City, of counsel, for libelant.

Herman E. Cooper, New York City, Irwin Asofsky, and Richard Gyory, New York City, of counsel, for respondent.

EDELSTEIN, District Judge.

Libellant is a Spanish citizen who signed articles in Venezuela to serve aboard a Danish vessel whereon he alleges that he sustained personal injuries for which he seeks to recover. Respondent excepts to the libel and moves the court to exercise its discretion to dismiss and relegate the libellant to an action under the law of the flag.

■■ This court, in Admiralty, has the jurisdiction to entertain, at its discretion, maritime controversies between foreigners. Canada Malting Co. v. Paterson Steamships, 285 U.S. 413, 52 S.Ct. 413, 76 L.Ed. 837. But the court will not ordinarily take cognizance of the case if justice would be as well done by remitting the parties to their home forum. Langnes v. Green, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520. Respondents here contend that the libellant has an adequate remedy under the law of Denmark, and some effort has been made in

the memorandum accompanying the motion to indicate what that remedy is. But there has been no proper showing of the existence of such a remedy, and on the record as it is, I cannot conclude that justice would be served by remanding libellant to whatever rights he may have under the Danish law.

Accordingly, the motion to dismiss will be denied.