Martin B. NAKKEN, Libelant,

v.

FEARNLEY & EGER, Respondent.

United States District Court
S. D. New York.
Aug. 9, 1955.

Klein & Ruderman, New York City, for libelant.

Haight, Gardner, Poor & Havens, New York City, for respondent.

BONDY, District Judge.

This is a motion to dismiss the first cause of action brought under the Jones Act, 46 U.S.C.A. § 688, to recover damages for injuries sustained aboard the SS Ferngrove and for an order declining jurisdiction of the second cause of action, for maintenance. Libelant, a citizen of the Kingdom of Norway and domiciled in Norway holding only Norwegian seamen's papers, signed articles at the Norwegian Consulate in New York for service on the Ferngrove, a ship flying the Norwegian flag owned and operated by respondents, citizens of Norway. The articles were written in Norwegian, which the libelant reads, writes, and speaks. Therein it is stated that the rights of crew members would be governed by Norwegian law. Libelant was injured aboard the Ferngrove while it was docked in Brooklyn. Under Norwegian law an injured seaman is entitled to maintenance, cure, one months "sick wages" amounting in this case to $90 and disability benefits. After the accident libelant became an in-patient for 20 days at the United States Marine Hospital at Staten Island, New York; thereafter he received out-patient treatment at the Norwegian Public Health Service until he was fit for duty. During this time he received board and lodging at the Norwegian Seamen's House at respondent's expense; and he received his sick wages at the Norwegian Consulate.

Respondent's motion to dismiss the first cause of action presents the question whether or not these facts authorize the application of the Jones Act to libelant's claim for damages. To determine the application the following should be taken into consideration: 1. Place of Wrongful Act; 2. Law of the Flag; 3. Allegiance or Domicile of the Injured; 4. Allegiance of the Defendant-Shipowner; 5. Place of the Contract; 6. Inaccessibility of Foreign Forum; and 7. The Law of the Forum. See Lauritzen v. Larsen, 1953, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254. Though the injury occurred on a vessel in the territorial waters of the United States, that the United States is the place of contract and the forum, the Jones Act should not be applied. See Lauritzen v. Larsen, supra, 345 U.S. 588–589, 590–592, 73 S. Ct. 931, 932–933. Greater significance is given to the law of the flag, the allegiance or domicile of the injured, and the allegiance of the shipowner, than to the fact that the United States was the place of the wrongful act, place of contract or of the forum. Lauritzen v. Larsen, supra, 345 U.S. at pages 584–588, 929–931. See Taylor v. Atlantic Maritime Co., 2 Cir., 1950, 179 F.2d 597, 600; The Paula, 2 Cir., 1937, 91 F.2d 1001, 1003; Johansson v. O. F. Ahlmark & Co., D.C.S.D. N.Y.1952, 107 F.Supp. 70, 71; Lunde v. Skibs A. S. Herstein, D.C.S.D.N.Y.1952, 103 F.Supp. 446, 447; Catherall v. Cunard S. S. Co., D.C.S.D.N.Y.1951, 101 F. Supp. 230, 232.

That the respondents are doing business in New York through a wholly owned New York corporation named Fearnley & Eger, Inc., which acts as husbanding agent for the Ferngrove does not establish respondent's claim that the Ferngrove is an American owned ship. Answers to interrogatories disclose that re-

spondent, a Norwegian partnership wholly composed of Norwegian citizens and residents, owns and operates the Ferngrove. That respondent is doing business in New York, in itself is not sufficient to warrant application of the Jones Act. See Lauritzen, supra, 345 U.S. at page 581, 73 S.Ct. 927, also Norris, The Law of Seamen Vol. 2 Supp. p. 56.

██ This court may in its discretion take jurisdiction of a suit between aliens when brought in admiralty. The Belgenland, 114 U.S. 355, 5 S.Ct. 860, 29 L.Ed. 152. See The Fletero v. Arias, 4 Cir., 206 F.2d 267; Cruz v. Harkna, D.C., 122 F.Supp. 288. Under Norwegian law an injured seaman is entitled to maintenance, cure, sick pay, and disability. The affidavit of the Norwegian Vice-Consul in Charge of the Seamen's Division at the Norwegian Consulate General in New York, states that libelant has received all that he is entitled to under Norwegian law except disability pay, and that libelant can make a claim for disability at the Norwegian Consulate. Since libelant has an appropriate forum conveniently available, justice does not require that this court exercise its discretion to take jurisdiction of libelant's claims and so jurisdiction is declined. See The Paula, supra, 2 Cir., 1937, certiorari denied Peters v. Lauritzen, 302 U.S. 750, 58 S.Ct. 270, 82 L.Ed. 580; Johansson v. O. F. Ahlmark & Co., D.C. S.D.N.Y.1952, 107 F.Supp. 70; Lunde v. Skibs A. S. Herstein, D.C.S.D.N.Y.1952, 103 F.Supp. 446; Catherall v. Cunard S. S. Co., D.C.S.D.N.Y.1951, 101 F.Supp. 230; Pettersen v. The Bertha Brovig, D.C.S.D.N.Y.1950, 92 F.Supp. 895; The Ivaran, D.C.S.D.N.Y.1940, 35 F.Supp. 229, affirmed 2 Cir., 1941, 121 F.2d 445.

██ Libelant objects to the granting of the motions on the ground that respondent has consented to the jurisdiction. However, parties cannot confer jurisdiction on this court by consent.

██ Libelant also objects to granting this motion on the ground that the remedies available to libelant under Norwegian law is so small that actually there is not any remedy. The fact that there is a considerable difference in the amount recoverable under Norwegian and American law does not mean that Norwegian law does not afford a remedy for libelant's injury. See Lunde v. Skibs A. S. Herstein, D.C., 103 F.Supp. 446; Pettersen v. The Bertha Brovig, D.C., 92 F.Supp. 895; The Ivaran, D.C., 35 F. Supp. 229, affirmed 2 Cir., 121 F.2d 445; cf. See Lauritzen v. Larsen, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254.

Motions accordingly are granted.