155 F.Supp. 387 (1957)
Erling Preben HANSEN, Plaintiff,
v.
A.S.D. S.S. V. ENDBORG and D.S. af A.S., Moller Steamship Co., Inc., and Robert C. Herd Co., Defendants.
United States District Court S. D. New York.
October 9, 1957.
*388 Jacob Rassner, New York City, Harvey Goldstein, New York City, of counsel, for plaintiff.
Kirlin, Campbell & Keating, New York City, Roland C. Radice, Vernon S. Jones, New York City, of counsel, for defendants.
DAWSON, District Judge.
This is a motion to dismiss the complaint on the ground that the Court does not have jurisdiction of the subject matter of the action.
The action is one brought by a seaman for personal injuries received by him. He names as defendants the following:
1. A.S.D. S.S. V. Endborg and D. S. af A.S., which are alleged to be foreign corporations which owned the motor vessel known as the M/S Peter Maersk.
2. Moller Steamship Co., Inc., which is alleged to be a corporation licensed to do business in the State of New York and which is alleged to have operated, managed and controlled the aforesaid vessel.
3. Robert C. Herd Co., which is alleged to be a foreign corporation licensed to do business within the jurisdiction of this Court. The complaint alleges that this corporation owned the motor vessel the M/S Peter Maersk, but counsel for plaintiff on the argument of the motion, admitted that this allegation was incorrect. However, the complaint also contains an allegation that this corporation operated, managed and controlled the aforesaid vessel.
The complaint is brought as an action at law. A jury trial has been demanded. The complaint alleges that the Jones Act, 46 U.S.C.A. § 688, is applicable. It seeks $125,000 damages by reason of the injuries to the plaintiff. It alleges a second cause of action for a breach of the general maritime law on the ground that the ship was unseaworthy. It alleges a third cause of action seeking $25,000 for maintenance and cure.
Rule 12(d) of the Rules of Civil Procedure, 28 U.S.C. provides that certain defenses, including the defense of lack of jurisdiction over the subject matter, shall be heard and determined before trial on the application of any party, unless the Court decides that the hearing and determination thereof be deferred until the trial. This notice of motion brings up this defense for determination. The motion is made upon the pleadings and certain depositions which have been taken in the action.
The defendants urge that the undisputed facts show that this is an action by a Danish seaman against two Danish corporations, as owners of the M/S Peter Maersk, a Danish vessel which flew the Danish flag, and that this Court has no jurisdiction over such an action by an alien seaman against alien corporations for personal injuries sustained by the seaman on board the ship. The defendants urge that the other defendants, *389 Moller Steamship Co., Inc. and Robert C. Herd Co., were respectively the general agent of the vessel in the United States, and the legal husbanding agent in Baltimore, and that they could not be held liable for personal injuries received by the seaman.
On this motion we are concerned only with the question of jurisdiction and the Court may not, on this motion, determine the merits of the action. This Court clearly has jurisdiction to determine whether the causes of action are well founded. See Lauritzen v. Larsen, 1953, 345 U.S. 571, 73 S.Ct. 921, 97 L. Ed. 1254.
Since this action is brought on the civil side, with jury trial demanded, in order for this Court to have jurisdiction a valid claim must be stated either under the Jones Act or under the jurisdictional provisions for diversity of citizenship. Paduano v. Yamashita Kisen Kabushiki Kaisha, 2 Cir., 1955, 221 F.2d 615; Jordine v. Walling, 3 Cir., 1950, 185 F.2d 662.
As to so much of the cause of action as relates to the two domestic corporations, this Court finds that, for purposes of this motion to dismiss, valid causes of action have been stated under the Jones Act, 46 U.S.C.A. § 688, and under the provisions for diversity of citizenship, 28 U.S.C. § 1332. Paragraph 13 of the complaint alleges that both of these domestic corporations were the employers of the plaintiff, in which case the Jones Act will be applicable. This is denied by the defendants who claim that the depositions established that the two corporations are nothing more than agents for the owners of the ship and are not employers of the plaintiff. The defendants may well be successful in maintaining this position at the trial. Continental Casualty Co. v. Thorden Line, 4 Cir., 1951, 186 F.2d 992; Cosmopolitan Shipping Co. v. McAllister, 1949, 337 U.S. 783, 69 S.Ct. 1317, 93 L.Ed. 1692. But it would not be appropriate to determine this question on this motion, since the issue of who was plaintiff's employer is one of fact  in part based upon the credibility of witnesses  and is one of the issues to be determined at the trial. The plaintiff is entitled to a trial by jury of the factual issues of the case and this Court may not, on motion under Rule 12, substitute its judgment for that of the duly constituted triers of the facts.
However, as against the two Danish corporations, this Court may not retain jurisdiction on its civil jury side. No claim is stated which permits our retention of jurisdiction under the Jones Act. In Lauritzen v. Larsen, 1953, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254, the Supreme Court held that the Jones Act would not apply in a suit by an alien seaman against a foreign ship-owning corporation. Although in that case the alleged tort occurred outside the United States (in a port of Cuba) and here the allegation is that the injury occurred in United States waters, the language of the Lauritzen case and the decisions of the courts interpreting that case lead me to conclude that no claim is here stated under the Jones Act. In the Lauritzen case the Supreme Court made clear that only special circumstances would warrant applying the Jones Act to torts occurring aboard alien ships which result in injuries to alien seamen. The Court felt that the law of the flag should ordinarily be applied to such accidents "unless some heavy counterweight appears." Id., 345 U.S. at page 586, 73 S.Ct. at page 930. I find no such counterweight here which would warrant applying a different rule. See Samad v. The Etivebank, D.C.E.D.Va. 1955, 134 F.Supp. 530, 536; Nakken v. Fearnley & Eger, D.C.S.D.N.Y.1955, 137 F.Supp. 288.
Plaintiff has also urged that the Danish corporations may be reached under the Jones Act due to the fact that the Danish corporations and their principal stockholders are the principal stockholders of the United States corporation which acts as their general agent in New York. However, the circumstances of this case do not warrant any piercing *390 of corporate identities, nor would such action on the Court's part correct jurisdiction for purposes of the Jones Act. The Danish corporations would not thereby become American corporations. Nor is this a case of purely nominal foreign registration as where American owners have registered under foreign flags for purposes of avoiding regulation under United States law. These are Danish corporations which appear from the depositions to be owned and controlled by Danish citizens. See Lauritzen v. Larsen, supra, 345 U.S. at page 587, 73 S.Ct. 921; Argyros v. Polar Compania de Navegacion, Ltda., D.C.S.D.N.Y.1956, 146 F.Supp. 624; Nakken v. Fearnley & Eger, supra; Gerradin v. United Fruit Co., 2 Cir., 1932, 60 F.2d 927; Zielinski v. Empresa Hondurena, D.C.S.D.N.Y. 1953, 113 F.Supp. 93.
Resultantly, unless we have other grounds of jurisdiction, we may not retain this civil action against the Danish corporations. Alternative causes against the Danish corporations have been alleged for breach of the general maritime law on grounds of unseaworthiness and for maintenance and cure. There is no doubt that this Court has discretionary jurisdiction in admiralty to retain such a suit by an alien seaman against alien corporations. The Fletero v. Arias, 4 Cir., 1953, 206 F.2d 267; Gonzales v. Dampskslsk Dania A.S. (The Danvig), D.C.S.D.N.Y.1952, 108 F.Supp. 908; Ozanic v. United States, 2 Cir., 1948, 165 F.2d 738; Canada Malting Co., Ltd. v. Paterson Steamships, Ltd., 1932, 285 U.S. 413, 52 S.Ct. 413, 76 L.Ed. 837; The Belgenland, 1884, 114 U.S. 355, 5 S. Ct. 860, 29 L.Ed. 152. However, this action has been brought in law on the civil side and with jury trial demanded, and we may not retain jurisdiction of this case on the civil side. The rule in this Circuit is clear that, in the absence of diversity of citizenship, the Court has no jurisdiction to hear a suit based on the general maritime law on its civil side. Paduano v. Yamashita Kisen Kabushiki Kaisha, 2 Cir., 1955, 221 F.2d 615; Jordine v. Walling, 3 Cir., 1950, 185 F.2d 662. There is no diversity of citizenship in this suit which is brought by an alien seaman against foreign corporations. 28 U.S.C. § 1332. Therefore, since there is neither a valid cause of action stated under the Jones Act nor jurisdiction by diversity of citizenship, we may not here retain the complaint as against the two Danish corporations. However, rather than to dismiss, the Court finds it better policy to grant this plaintiff leave to transfer this action to our admiralty docket. See Troupe v. Chicago, D. & G. Bay Transit Co., 2 Cir., 1956, 234 F.2d 253, note 5; Jordine v. Walling, supra, 185 F.2d at page 671; Melleck v. Oliver J. Olson & Co., D.C.S.D.Cal.1957, 149 F. Supp. 481. We take no position as to whether this Court on its admiralty side will exercise its discretion to retain jurisdiction in this suit. Cf. The Fletero v. Arias, supra, and Gonzales v. Dampskslsk Dania A.S. (The Danvig), supra, with The Paula, 2 Cir., 1937, 91 F.2d 1001, certiorari denied Peters v. Lauritzen, 302 U.S. 750, 58 S.Ct. 270, 82 L.Ed. 580, and Nakken v. Fearnley & Eger, D.C.S.D.N.Y.1955, 137 F.Supp. 288.
In conclusion, therefore, the motion to dismiss as against the two domestic corporations, Moller Steamship Co., Inc. and Robert C. Herd Company, is denied, and the motion to dismiss as against the two Danish corporations, A.S.D. S.S. V. Endborg and D.S. af A.S., is granted, subject to leave to transfer to the admiralty docket of this Court by application made within sixty days. So ordered.