Juan Humberto **ATENCIO S.**, Libellant,

v.

THE S.S. **CIUDAD DE BOGOTA**, her boilers, engines, tackle, apparel and furniture, all persons claiming an interest therein, and **FLOTA MERCANTE GRANCOLOMBIANA S. A.** and Transportadora Grancolombiana Limitada, Respondents.

United States District Court
S. D. New York.
Oct. 30, 1957.

---

1. Emphasis added.

Baker, Garber & Chazen, Hoboken, N. J., Jack Steinman, New York City, for libellant.

Renato C. Giallorenzi, New York City, for respondents.

EDELSTEIN, District Judge.

Respondents move to dismiss a libel on the ground that, insofar as it pleads a cause of action for personal injuries under the Jones Act, 46 U.S.C.A. § 688, that Act does not sustain jurisdiction in this action between aliens; and insofar as causes of action under the general maritime law are pleaded (for personal injuries on the ground of unseaworthiness, for maintenance and cure and for negligent failure to treat), this court should in its discretion decline jurisdiction.

Respondents are corporations organized and existing under the laws of the Republic of Colombia, the one being owner of the vessel and the other being general agent. An affidavit supplied by respondents and not contradicted by libellant (who submitted no affidavit) indicates that the libellant was and is a native citizen of the Republic of Colombia, domiciled and residing there. He signed on the vessel at Barranquilla, Colombia for a series of automatically renewed round voyages beginning and ending in Colombia, the articles stipulating that his rights would be determined in accordance with the laws of the Republic of Colombia. The vessel was registered under and flew the flag of the Republic of Colombia, and was owned, operated, managed and controlled by the Colombian corporation. The accident is alleged to have occurred "on the high seas, in the navigable waters of the United States * * *."

It is well settled by the decisions of the Court of Appeals for this Circuit that there may be no recovery under the Jones Act by a foreign national who signs aboard a foreign ship in a foreign country for a voyage beginning and ending in a foreign port. The Paula, 2 Cir., 91 F.2d 1001, certiorari denied Peters v. Lauritzen, 302 U.S. 750, 58 S.Ct. 270, 82 L.Ed. 580; O'Neill v. Cunard White Star, Ltd., 2 Cir., 160 F.2d 446; Taylor v. Atlantic Maritime Co., 2 Cir., 179 F.2d 597.

A suit in admiralty between aliens may be entertained or dismissed in the exercise of a sound judicial discretion. Canada Malting Co. v. Paterson Steamships, 285 U.S. 413, 52 S.Ct. 413, 76 L.Ed. 837; The Paula, supra. The facts that have been made to appear in this case do not, in my opinion, warrant the exercise of the court's discretion to retain jurisdiction. Indeed, they warrant the contrary. It is not disputed that Colombian law gives the libellant rights to compensation and medical care for injury incurred during employment, the benefits of which have already been accepted by him. And it has been repre-

sented without contradiction that the Colombian law provides, in addition, a right to an employee to receive compensation for injury caused by the fault of the employer. There is no suggestion that libellant will have any difficulty of access to Colombian courts to enforce his rights, nor even that this court would be more convenient for him. He apparently has available to him the same relief that any Colombian citizen injured on a Colombian vessel would have in the Republic of Colombia under its laws. Because libellant has an appropriate forum conveniently available, justice does not require that this court exercise its discretion to take jurisdiction of the libellant's claims, and jurisdiction is declined. The Paula, supra; Nakken v. Fearnley & Eger, D.C., 137 F.Supp. 288; Catherall v. Cunard S.S. Co., D.C., 101 F.Supp. 230; The Ivaran, D.C., 35 F.Supp. 229, affirmed 2 Cir., 121 F.2d 445; see Lauritzen v. Larsen, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254. Accordingly, respondents' motion will be granted.