Ioannis MALANOS, Constantinos Glikas, Demetrios Papadakis, Demetrios Seferlis, Constantinos Bourbos, Markos Zamikos, Nicolaos Tsiropinas, Sotirios Vostitsanos and Constantinos Gioulis, Libelants,

v.

A. CHANDRIS, J. Chandris, N. Chandris, D. Chandris, J. Chandris and THE S/T JOHN CHANDRIS, her engines, boilers, tackle and appurtenances, Respondents.

Civ. No. 7555.

United States District Court
N. D. New York.

July 24, 1959.

190

———◆———

Jacob M. Olshansky, Albany, N. Y., Lebovici & Safir, New York City, for libelants, Herbert Lebovici, New York City, of counsel.

Donald Gallagher, Albany, N. Y., Giallorenzi & Cichanowicz, New York City, for respondents and claimant, Victor S. Cichanowicz, New York City, of counsel.

JAMES T. FOLEY, District Judge.

The libel herein contains three separately stated causes of action demanding an overall amount in the substantial sum of $39,440. It is immaterial, but the total demand may be higher as it is apparent there may be some mistake in the addition of the amounts of the three claims with failure to compute the second and third claims for nine libelants instead of eight.

It presents an odd story of the sea. The nine libelants are Greek Nationals, and while serving as seamen aboard the Greek Ship S/T John Chandris, were requested or required—depending on the point of view—to undertake a tank-cleaning operation of the ship. At least, no matter whether there was compulsion or polite request, there was no mutiny, and the work was performed during a period from March 14, 1959 to March 20, 1959, a period of six or seven days, while the ship was on the high seas from New Orleans to Cuban ports. It is clear from the first cause of action itself, characterizing the services as in the reasonable and fair amount of $30,000, that there was no definite agreement as to the amount to be paid for the work performed but such compensation was to be left to communication, future agreement and negotiations among the master, the owners of the vessel and the seamen libelants.

The respondents move to dismiss the libel in its entirety and file in support of the motion an excellent and comprehensive set of affidavits and exhibits which fill out most satisfactorily the circumstances involved.

Because of the disposition I make herein, it is not necessary for me to adjudge reasonable worth and value of the work performed. However, the wide variance should be noted between the offers and demands for the work as it relates to the first cause of action. The first offer was L 60, which is computed to be $18.66 each; then the affidavit of the Master states that the libelants wanted L 20 each, computed in our money at $56 each, and the demand for $30,000 now breaks down the claims in the first cause of action as one for $3,333 each for the six or seven-day work period. The second claim in the libel is for damage to clothing and only reaches under my computation the comparatively insignificant sum of $270. The third claim is under the penalty provisions of 46 U.S.C.A. §§ 596 and 597, and again, under my computation, considering nine libelants requesting $2,400 each, reaches a substantial figure of $21,600. I am sure all the seamen in all the ships at sea will be eager applicants for tank-cleaning operations on the high seas at these prices.

■ Fundamentally, however, it is impossible for me to fit the facts as disclosed herein with any logic to the provisions of Sections 596 and 597 of Title 46 U.S.C.A., the support of which is necessary for required jurisdiction as to the first and third causes of action. A fair reading of the libel itself indicates to me that the circumstances of this unusual transaction are not within the terms, sense, policy or settled interpretation of these statutory provisions. A clear analysis of these statutes as to purpose, intent and interrelation to each other is set forth in The Cubadist, 5 Cir., 256 F. 203. The reasoning in this case shows that the situation here lacks the vital

factors necessary to come within Section 596 or 597. The seamen here stayed aboard, received and accepted their regular and overtime pay long after the Ship discharged its cargo of molasses at Albany, N. Y. The purpose of the statute to insure that seamen would not be turned ashore with little or nothing in their pockets was not frustrated. Mavromatis v. United Greek Shipowners Corp., 1 Cir., 179 F.2d 310, 315. The admitted indefiniteness of the arrangement made impossible any foundation of demand for full wages or half wages under the provisions of the statutes. At most, we have a quantum meruit claim with little relation, if any, to agreed wages. It is humanly impossible to demand fully or half of an amount that has not been agreed upon. The Hougomont, 2 Cir., 272 F. 881; The Nancy, D.C., 11 F.2d 318. Another important element and barrier to the assumption of jurisdiction under Section 597 again is the fact that the libelants remained aboard—assuming they made a valid demand at Albany, N. Y. for wages—until the vessel reached Houston, Texas. The Hougomont, supra, 272 F. at page 883. To me, the attempt to bring this libel within the statutory language necessitates a strained, unreasonable and invalid construction of the statutes involved.

■ It is a serious contention of the proctors for the libelants that inasmuch as the motion is based upon affidavits and exhibits it would involve the grant of summary judgment not recognized in admiralty practice. In the same vein, it is contended that the issue of jurisdiction involves factual disputes and must await trial. The admiralty rules have been criticized as hypertechnical, but it cannot be that they are so feeble and helpless in their procedures as not to allow dismissal where lack of jurisdiction is patent in the libel itself. Whether we consider the motion as "exceptive allegations" or not, it seems to me there is inherent power in the Court to grant the relief sought. Such attack on jurisdiction has ample authority to warrant its grant, no matter the form it takes. Yacht Charterers, Inc. v. Diesel Yacht Yankee Clipper, D.C., 121 F.Supp. 118; Vallebuona v. United States, 1955 A.M.C. 1234, affirmed 2 Cir., 258 F.2d 701; Patterson v. United States, 359 U.S. 495, 79 S.Ct. 936, 3 L.Ed.2d 971; Johansson v. O. F. Ahlmark & Co., D.C., 107 F.Supp. 70; Nakken v. Fearnley & Eger, D.C., 137 F.Supp. 288, 289.

■ In conclusion, I am not impressed at all that the Court should exercise discretionary jurisdiction in the interests of the libelants because they are seamen. I sense no injustice at all in leaving them to their remedies with the Greek Consul or in their home courts in Greece. Settled law does not suggest or impel discretion to their favor under the background of facts presented. Benz v. Compania Naviera Hidalgo, 353 U.S. 138, 142, 77 S.Ct. 699, 1 L.Ed.2d 709; Heros v. Cockinos, 4 Cir., 177 F.2d 570, 572; McQuade v. Compania de Vapores, etc., D.C., 131 F.Supp. 365. We have Greek subjects involved in a controversy that arose on the high seas that will need the application of Greek law to solve, and the problem seems capable of solution without any hardship or injustice to them by their own consul or in their own Courts.

The motion is granted and the libel is dismissed in its entirety without costs. The proctors for the respondents shall submit an order accordingly.