## SHORTER v. BERMUDA & WEST INDIES S. S. CO., Limited.

District Court, S. D. New York.

Jan. 20, 1932.

Crane, Inness & Arnold, of New York City (Joseph K. Inness, of New York City, of counsel), for plaintiff.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Vernon S. Jones and Raymond Parmer, both of New York City, of counsel), for defendant.

PATTERSON, District Judge.

Motion is made by the defendant to dismiss the complaint as insufficient on its face. The suit is brought at law under the Jones Act (Act March 4, 1915, § 20, as amended by Act June 5, 1920, § 33, 46 USCA § 688). The complaint alleges that the plaintiff, an American citizen, was injured through the defendant's negligence while working as a seaman on board the defendant's ship Rosalind. The defendant is a Bermudian corporation and the Rosalind flies the flag of Bermuda. At the time of the injury, the ship was tied up at a pier in New York Harbor. The motion thus raises the question whether the Jones Act applies to the case of an American seaman injured while working on a foreign private ship in American waters.

In Uravic v. Jarka Co., 282 U. S. 234, 51 S. Ct. 111, 75 L. Ed. 312, the Supreme Court held that the Jones Act covered the case of an American stevedore working on a foreign vessel in American waters. The case of an American seaman carries the act one step further, but as I read the opinion of Mr. Justice Holmes in the Uravic Case, he took the view that the act applied to such a situation, unless an exception should be made in a case involving peculiar facts. I hold therefore that the act is applicable. This is contrary to the decision of the Ap-

pellate Division in Clark v. Montezuma Co., 217 App. Div. 172, 216 N. Y. S. 295.

The motion to dismiss the complaint will therefore be denied.