John Hogan, Plaintiff, *v.* Hamburg-American Line, Defendant.

City Court of New York, New York County, May 4, 1934.

*Silas B. Axtell*, for the plaintiff.

*William B. Devoe*, for the defendant.

Kahn, J.   Plaintiff, a resident of this State, signed articles in the Port of New York, engaging as a seaman on board a vessel of German registry, owned and operated by the defendant, a German corporation, for a voyage from New York to foreign ports and return. While the vessel was on the high seas, plaintiff suffered personal injuries.

He sues in this court upon two causes of action: The first, for damages because of defendant's alleged negligence; the second, for defendant's alleged failure to furnish maintenance and cure in accordance with general maritime law.

Defendant moves to dismiss the complaint under rule 107 of the Rules of Civil Practice upon affidavits which sufficiently establish, without contradiction by the plaintiff, that under German law the plaintiff is precluded from bringing this action here, but must look to the German law for such relief as is thereby afforded, and must enforce his remedy in the form provided by German law in that country.   The injuries sustained by him on a German vessel on the high seas must be deemed to have been sustained within Germany.   The German laws afford a remedy, which, under their provisions, is exclusive.   The plaintiff is thereby precluded from maintaining this action.   That the articles were signed in the city

of New York is immaterial. (*Oehler* v. *Hamburg-American Line*, 84 Misc. 272; *Clark* v. *Montezuma Transportation Co., Ltd.*, 217 App. Div. 172; *The Hanna Nielsen*, [C. C. A.] 273 Fed. 171.)

The Jones Act (U. S. Code, tit. 46, § 688), cited by the plaintiff, does not apply where, as here, a seaman is injured in foreign waters on a vessel owned and operated under the laws of a foreign country and under its flag. (*Maia* v. *Lamport & Holt, Ltd.*, 141 Misc. 140.)

Motion granted and the complaint is dismissed for lack of jurisdiction. Order signed.