**GAMBERA v. BERGOTY.**

No. 93.

Circuit Court of Appeals, Second Circuit.

Dec. 10, 1942.

See, also, D.C., 39 F.Supp. 871.

Archibald F. McGrath, of New York City, for appellant.

Frederick H. Cunningham, of New York City, for appellee.

Before L. HAND, CLARK, and FRANK, Circuit Judges.

L. HAND, Circuit Judge.

The libellant appeals from a decree in the admiralty dismissing his libel in rem and in personam, brought to recover damages suffered while he was employed as a seaman upon the respondent's ship. The libellant is an Italian subject; the ship on which he was serving when he was hurt was registered in Greece and flew the Greek flag. The libel is based upon the Jones Act, 46 U.S.C.A. § 688, and the only question on this appeal is whether the libellant comes within the protection of that act. He came to this country in 1904, aged sixteen, and was thirty-seven years old when he was injured. He had been a seaman for fifteen years working as fireman; had served on American ships and for one year in the United States Army. In August, 1937, he took out his "first papers" for naturalization.

At the outset we pass it as irrelevant that the libellant is an enemy alien (Petition of Bernheimer, 3 Cir., 130 F.2d 396), and proceed to the merits. Section 33 of the Jones Act, § 688, Title 46 U.S.C.A. does not use the word "citizen"; it gives relief to "seaman" eo nomine, leaving it to the courts to define the term more closely. We decided in The Paula, 2 Cir., 91 F.2d 1001, that a German citizen who had signed the articles in Germany and shipped as a member of the crew of a German ship, could not avail himself of the act. He had chanced to suffer injury while she was in the harbor of New York, a port of call upon a voyage beginning and ending in Germany. The same ruling was made in The Magdapur, D.C., 3 F.Supp. 971, and by Judge Goddard in Plamals v. S. S. Pinar del Rio, 1925 Am.Mar.Cas. 1309, affirmed in 2 Cir., 16 F.2d 984, and affirmed on other grounds in 277 U.S. 151, 48 S.Ct. 457, 72 L.Ed. 827. We regard The Seirstad, D.C., 27 F.2d 982, and Hogan v. Hamburg-American Line, 152 Misc. 405, 272 N.Y.S. 690, as overruled by Uravic v. F. Jarka Co., 282 U.S. 234, 51 S.Ct. 111, 75 L.Ed. 312; but we also regard it as settled law that alien seamen serving upon foreign ships owned by aliens, and bound upon a voyage which begins and ends outside the United States, cannot sue under the Jones Act for injuries suffered while the ship happens to be stopping at a port of call within our territorial waters. The case at bar was not of that sort. Not only had the libellant been domiciled in the

United States for over twenty years, during the greater part of which he had served on American ships, but the voyage began and ended in the United States; it was from Trenton to Philadelphia, Norfolk and New York, and he was injured on the leg between Trenton and Philadelphia. The whole voyage was thus to be performed within our territorial waters except possibly for a part of the leg between Norfolk and New York. That presents a wholly different situation from any that have hitherto arisen.

The Jones Act was the culmination of a series of efforts, largely those of the Seamen's Union, to secure more adequate relief for American seamen, injured in their employment. It is extremely unlikely that Congress should have meant to exclude aliens who, in every sense that mattered, were members of that class merely because they had not been naturalized. Naturalization is a troublesome process for a seaman; he is sure to be absent from the country for long periods which are indeed apt to be longer than those during which he is here. Yet he must procure two witnesses who can swear that they have known him continuously for five years. § 709(b), Title 8 U.S.C.A. To hold that men who in every other but this formal sense have since boyhood been members of our own community, and who earn their living side by side with those on behalf of whom the act was indubitably passed; to hold that these are excepted from its protection because they have not become naturalized, would, it seems to us, pretty clearly defeat the overriding purpose of Congress. In Uravic v. F. Jarka Co., supra, 282 U.S. 234, 51 S.Ct. 111, 75 L.Ed. 312, it was at least left open whether the act applied to foreign seamen and that would go much further than to apply it to an alien, circumstanced like the libellant. We see nothing in the definatory section, § 713, Title 46 U.S.C.A., to limit the application of the act to American ships or American citizens. As to ships Uravic v. F. Jarka Co., supra, was an express answer and thereafter the definition no longer offered an obstacle to including foreign seamen.

The libel in rem was properly dismissed (Plamals v. S. S. Pinar del Rio, 277 U.S. 151, 48 S.Ct. 457, 72 L.Ed. 827); but the libel stated a good claim in personam which should be tried on the merits.

Decree reversed; cause remanded.