## PUIG v. ROYAL NORWEGIAN GOVERNMENT.

District Court, S. D. New York.

Jan. 27, 1947.

Philip Brown, of Brooklyn, N. Y., for plaintiff.

Haight, Griffin, Deming & Gardner, of New York City (James M. Estabrook, of New York City, of counsel), for defendant.

HULBERT, District Judge.

The motion is for an order dismissing the complaint for lack of jurisdiction.

Plaintiff, alleging his residence in the Borough of Brooklyn, City of New York, on March 12, 1946 filed a bill of complaint in this court purporting to set up a claim for which relief might be had against Oivind Lorentzen, above named, as Director, etc., under Section 33 of the Merchant Marine Act of 1920, known as the Jones Act, 46 U.S.C.A. § 688.

The Royal Norwegian Government, the owner and operator of the S/S Don, alleged by the plaintiff to have been "engaged as a freighter in interstate commerce, coastwise and in foreign trade" appeared and interposed an answer; attached thereto were interrogatories; from the plaintiff's answers (and the complaint) it appears that he is a citizen of the Republic of Cuba; that on the 20th day of December, 1943 he signed the customary form of Ship's Articles as a fireman and entered upon and served as such on the S/S Don until August 1, 1945; that while the vessel was on the high seas on a voyage between England and Belgium, plaintiff "on or about Aug. 1, 1945" met with an injury in the regular course of his employment through the alleged negligence of the defendant and upon the return of the vessel to England he was hospitalized at the Dreadnaught Hospital, Greenwich, England from August 10, 1945 to September 26, 1945.

It was said in Gambera v. Bergoty, 2 Cir., 132 F.2d 414, at page 415: "* * * but we also regard it as settled law that alien seamen serving upon foreign ships owned by aliens, and bound upon a voyage which begins and ends outside the United States, cannot sue under the Jones Act for injuries suffered while the ship happens to be stopping at a port of call within our territorial waters."

In the case at bar, while the vessel had at an earlier period during the course of the plaintiff's employment been presumably engaged in coastwise, as well as foreign trade, at the time of the injury in question, she was operating in foreign waters between England and Belgium. Motion granted. Settle order on notice.