KRISTIANSEN v. FEARNLEY & EGER, Inc., et al.

United States District Court
S. D. New York.

July 9, 1952.

Richard M. Cantor, New York City, George Halpern, New York City, of counsel, for plaintiff.

Haight, Deming, Gardner, Poor & Havens, New York City, James M. Estabrook, David P. H. Watson, New York City, of counsel, for defendants.

WEINFELD, District Judge.

The defendants move to dismiss the complaint, brought under the Jones Act, 46 U.S.C.A. § 688, and for maintenance and cure, upon the ground that the court does not have jurisdiction of the action. Plaintiff cross moves for leave to issue a supplemental summons and an amended complaint naming additional defendants and for an adjournment of the defendants' motion until the proper defendants are made parties and examinations are completed with respect to ownership, operation and control of the vessel on which plaintiff was injured.

The plaintiff is a Norwegian citizen who signed articles in Oslo, Norway, for service on the M/S Fernsea. The injuries occurred while the ship was on the high seas. The Fernsea flies the Norwegian flag and it is owned by two Norwegian corporations who are not named as defendants. The vessel called frequently at ports on the Atlantic coast of the United States. Plaintiff alleges that the ship was and is operated, managed and controlled by the defendants, Fearnley & Eger, Inc., and Barber Steamship Lines, Inc., both of which are American corporations, doing a regular shipping business within this District. However, these defendants contend they acted merely as the respective husbanding and freight agents here in New York for the Norwegian interests. Plaintiff by its cross motion seeks to name as an additional defendant, Fearnley and Eger, Oslo, a Norwegian partnership, which all parties agree participated in the management and control of the vessel. The defendant Fearnley & Eger, Inc., is a wholly owned subsidiary of Fearnley and Eger, Oslo.

The basis of the motion to dismiss is that the Jones Act is inapplicable and the court is without jurisdiction of the action in that the vessel on which plaintiff was injured was owned by Norwegian nationals and that plaintiff, a Norwegian citizen, signed shipping articles in Norway and his injuries were sustained on the high seas. The Paula, 2 Cir., 91 F.2d 1001; Gambera v. Bergoty, 2 Cir., 132 F.2d 414; Kyriakos v. Goulandris, 2 Cir., 151 F.2d 132; O'Neill v. Cunard White Star, Limited, 2 Cir., 160 F.2d 446; Taylor v. Atlantic Maritime Co., 2 Cir., 179 F.2d 597; Catherall v. Cunard S.S. Co., D.C., 101 F.Supp. 230.

Since affidavits have been submitted the motion will be treated as one for summary judgment. Rules 12(b) and 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., 2 Moore's Federal Practice, 2nd Edition § 12.09, p. 2256.

The plaintiff admits that legal title is in Norwegian corporations but contends that in fact the American defendants and the prospective Norwegian partnership, termed the "managing owner", are interrelated. It is claimed that their method of operation, ownership and control of ships, including the M/S Fernsea, was devised to escape the obligations imposed by United States statutes by establishing sham or paper ownership in Norway nationals, while in truth American interests retained a sub-

358

stantial measure of ownership, operation, management and control, all of which would remain concealed. In a word the plaintiff charges that the present defendants, American citizens, together with the proposed defendant, a Norwegian citizen, are in fact the owners, operators and managers of the vessel.

The plaintiff relies upon the rule of Gerradin v. United Fruit Co., 2 Cir., 60 F.2d 927, wherein it was held that in an action under the Jones Act by an American seaman against an American owner the defendant could not circumvent the Act and escape liability by procuring registry under a foreign flag. In effect plaintiff seeks to extend that doctrine.

In the present status of this case summary judgment cannot be granted. There exist questions of fact as to operation and control exercised by the defendants, and their ownership interest, if any, in the vessel, and the taking of their depositions on these issues has not been concluded. It cannot be said with finality upon the basis of the testimony thus far elicited that these issues must be resolved against the plaintiff. As to the prospective defendant, Fearnley and Eger, Oslo, plaintiff should be granted an opportunity to develop such facts with respect to its management functions, its ownership interest in the vessel and its relations with the defendants which may support the theory of liability now asserted in the proposed amended complaint. Only after the completion of the depositions will it be possible to determine whether the rule of Gerradin v. United Fruit Co., supra, should be extended to the instant case. Since all the relevant facts are not before the Court the issue is not ripe for adjudication.

Plaintiff's motion for leave to issue and serve a supplemental summons and amended complaint and for an adjournment of the defendants' motion to dismiss is granted until such time as the proposed defendant is made a party and examinations and interrogatories directed toward the ownership, operation and control of the M/S Fernsea have been completed. The order to be entered shall contain a provision requiring plaintiff's counsel to proceed expeditiously.

The defendants' motion is denied without prejudice to renewal.

This ruling is not to be taken as any expression concerning the applicability or nonapplicability of the Jones Act to the instant case.

Settle order on notice.