**SMITH**

v.

**FURNESS, WITHY & CO., Limited.**

United States District Court
S. D. New York.

Dec. 4, 1953.

Silas Blake Axtell, New York City, for plaintiff.

Kirlin, Campbell & Keating, New York City, by James B. Magnor, New York City, of counsel, for defendant.

GODDARD, District Judge.

This is a motion by defendant to dismiss the complaint on the ground that this court does not have jurisdiction over the subject matter.

The plaintiff, formerly a seaman on the S. S. Ocean Monarch, sues under the Jones Act, Title 46 U.S.C.A. § 688, to recover damages for personal injuries, alleged to have been sustained aboard the vessel, and for maintenance and cure. Plaintiff is a British citizen who entered this country in January, 1952 and now resides here and has made application for his first citizenship papers.

The Ocean Monarch is a British vessel flying the British flag, sailing on a regular run from Bermuda to New York and back. The defendant, Furness, Withy & Company, Ltd., is a British company, organized under the laws of Great Britain.

Plaintiff signed British shipping articles in New York and joined the crew there. At the time of the alleged accident, the ship was on a voyage from Bermuda to New York. According to plaintiff, the alleged accident occurred on the high seas on January 17, 1953; according to the ship's log, it happened while the ship was moored to the dock at Hamilton, Bermuda.

Stated simply, the question is whether the Jones Act applies to a British citizen, a resident of the United States, who signed British shipping articles to serve aboard a vessel flying the British flag and owned by a British corporation, for a tort committed on the high seas or in British territorial waters.

Lauritzen v. Larsen, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254, a recent decision of the Supreme Court, held the Jones Act inapplicable to a Danish seaman temporarily in New York who signed Danish shipping articles and joined, in New York, the crew of a ship owned by a Danish citizen and flying a Danish flag. Mr. Justice Jackson enumerated seven significant factors to be considered, alone or in combination, in determining whether the Jones Act applied to a maritime tort. They are:

1. Place of the wrongful act
2. Law of the flag
3. Allegiance or domicile of the injured
4. Allegiance of the ship owner
5. Place of contract
6. Inaccessibility of the foreign forum
7. The law of the forum

Mr. Justice Jackson held that factors 5, 6 and 7 were insignificant in cases of similar character.

In the case at bar, the place of the wrongful act, Factor 1, was Bermuda, British territory, or the high seas. The law of the flag, Factor 2, which seems to have been given special significance by Mr. Justice Jackson, indicates that the Jones Act is not applicable to case at bar, for the Ocean Monarch was a British vessel, flying the British flag. As to the allegiance or domicile of the injured, Factor 3, the Lauritzen case cited with apparent approval the case of O'Neill v. Cunard White Star Line, 2 Cir., 1947, 160 F.2d 446, certiorari denied 332 U.S. 773, 68 S.Ct. 56, 92 L.Ed. 358, which withheld application of the Jones Act in the case of an alien seaman residing in the United States who had signed articles for employment aboard a foreign owned vessel. Factor 4, the allegiance of the defendant shipowner, does not support the application of the Jones Act in this case, for the owner of the vessel, Furness, Withy & Company, Ltd., is a British company.

█ It is evident from the foregoing that the Jones Act is not applicable in this case. Cf. Hogan v. Hamburg-American Line, 152 Misc. 405, 272 N.Y.S. 690, certiorari denied 295 U.S. 749, 55 S.Ct. 827, 79 L.Ed. 1693.

Zielinski v. Empresa Hondurena de Vapores, D.C., 113 F.Supp. 93, cited by plaintiff, does not hold otherwise, for in that case, Judge Dimock found that the defendant shipowner was in fact an American corporation.

█ The court will not normally exercise jurisdiction on the admiralty side of the court, either, in a suit between aliens in such a case, where a more appropriate forum is available. Catherall v. Cunard S. S. Co., D.C., 101 F.Supp. 230. As it appears that plaintiff, a British national who seeks redress against a British corporation for an alleged tort on a British vessel, is presently sailing on a vessel which calls regularly at a British port, this court should not exercise its admiralty jurisdiction in this case.

The complaint must be and is dismissed. Settle order on notice.