**LA FAYETTE**

v.

**AMERICAN PAC. S. S. CO., Inc. et al.**

No. 16109.

United States District Court
S. D. California, Central Division.

June 4, 1954.

Herbert E. Selwyn, Los Angeles, Cal., for plaintiff.

Overton, Lyman, Prince & Vermille, Los Angeles, Cal., for defendants.

JAMES M. CARTER, District Judge.

Plaintiff has filed a complaint, seeking damages for injuries under the Jones Act, 46 U.S.C.A. § 688, and general Maritime Law (Unseaworthiness) alleging that at the time of the accident he was employed by the American Pacific Steamship Co., Inc., on the vessel U.S.N.S. Escambia. Plaintiff alleges that the vessel was managed, navigated, operated and maintained by the defendant; upon information and belief that said vessel was a merchant vessel of the United States; and that the vessel is one of United States registry. There is no allegation that the owner of the vessel is an American citizen. It is suggested and it is probably true that the vessel is a United States Naval ship, which would follow from the initials "U.S.N.S." but there is no direct allegation of this in the complaint. As the complaint stands, the allegations are that it is a merchant vessel, without any showing as to whether or not it is owned by a citizen of the United States.

The defendant moves to dismiss upon the ground that there is no allegation that the vessel belongs to a citizen of the United States, and relies upon § 713 of Title 46 U.S.C.A.

§ 713, Title 46 U.S.C.A., reads as follows:

"§ 713. Definitions, schedule, and tables

"In the construction of sections 541–543, 545–549, 561, 562, 564–571, 574–578, 591–597, 600, 602–605, 621–628, 641–643, 644, 645, 651–660, 661–669, 674–679, 682–685, 701–710, and 711–713 of this title, every person having the command of any vessel belonging to any citizen of the United States shall be deemed to be the 'master' thereof; and every person (apprentices excepted) who shall be employed or engaged to serve in any capacity on board the same shall be deemed and taken to be a 'seaman'; and the term 'vessel' shall be understood to comprehend every description of vessel navigating on any sea or channel, lake or river, to which the provisions of such sections may be applicable, and the term 'owner' shall be taken and understood to comprehend all the several persons, if more than one, to whom the vessel shall belong."

544

■ The short answer to defendant's motion is that the Jones Act, § 688, 46 U.S.C.A. Act of March 4, 1915, c. 153, § 20, 38 Stat. 1185; amended by Act of June 5, 1920, c. 250, § 33, 41 Stat. 1007, is not included with the sections enumerated in Section 713, Title 46 U.S.C.A., and hence Section 713 does not apply to proceedings under the Jones Act.

The reason for the omission of Section 688 from the enumeration in Section 713 is obvious. The compilers of the U.S. Code made Section 713 applicable to those sections of chapter 18, Title 46 U. S.C.A., carried into it from the Act of June 7, 1872, 17 Stat. 262, on which Section 713 was based. Section 688 which dates from March 4, 1915, was not in existence when the Act of June 7, 1872, was enacted.[1] The omission was proper.

Section 713, Title 46 U.S.C.A., was discussed in Gerradin v. United Fruit Co., 2d Cir., 1932, 60 F.2d 927, certiorari denied 287 U.S. 642, 53 S.Ct. 92, 77 L.

Ed. 556, and defendant relies upon certain language contained therein. But in that case the plaintiff was an American citizen employed by the defendant, a New Jersey corporation, operating under a demise charter. The vessel was owned by a New York corporation which had chartered her to the defendant. She was registered under the flag of Honduras. Plaintiff was hired by the defendant, signed articles and joined the ship in New York. There was a judgment for the plaintiff, affirmed on appeal.

The case is therefore not authority for the proposition that to permit recovery under the Jones Act, a vessel must be owned by a citizen of the United States; rather it is authority for the fact that the plaintiff in such a situation might recover, notwithstanding the fact the vessel was registered under the flag of another country.

■ In other decisions the scope and meaning of Section 713 has been passed

1. An inspection of c. 18, Title 46 U.S. C.A. shows the sections in the chapter run from Section 541 to and including Section 713, the section under consideration. The inspection further shows that Section 713 does not by the enumeration of sections therein, apply to all the sections in chapter 18. In fact, there are approximately 31 sections within the chapter which are not included.

Section 713, Title 46 U.S.C.A., was derived from the Act of June 7, 1872, c. 222, § 65. 17 Stats. 262 at 277, and then read as follows:

"Sec. 65. That to avoid doubt in the construction of this act, every person having the command of any ship belonging to any citizen of the United States shall, within the meaning and for the purposes of this act, be deemed and taken to be the 'master' of such ship; and that every person (apprentices excepted) who shall be employed or engaged to serve in any capacity on board the same shall be deemed and taken to be a 'seaman' within the meaning and for the purposes of this act; and that the term 'ship' shall be taken and understood to comprehend every description of vessel navigating on any sea or channel, lake or river, to which the provisions of this law may be applicable; and the term 'owner' shall be taken and understood to comprehend all the several persons, if more than one, to whom the ship shall belong."

The substance of section 65 was then carried over into the R.S. of 1878 as Section 4612 Revised Statutes.

By the Act of December 21, 1898, c. 28, § 23, 30 Stats. 755 at 762, § 4612, R.S., was amended, but no change was made in the language here involved.

The Act of December 21, 1898 [and thus Section 4612, R.S.] was again amended by the Act of March 4, 1915, c. 153, § 10, 38 Stats. 1164 at 1168, but no change was made in the language here involved.

With this background the statute was included in the compilation of the U. S. Code and carried into the current third Ed. of the U. S. Code [cited as U.S.C. A. 1940 Ed.] which then purported to include all the laws in force on January 3, 1941.

It thus becomes apparent why various sections in c. 18 of Title 46 U.S.C.A. are not enumerated in Section 713. The compilers attempted to make this section apply in the same manner as it did in the statute from which it was derived. Accordingly, sections of c. 18, Title 46 U.S.C.A., based on statutes other than the Act of June 7, 1872, such as the Jones Act, § 688, Title 46 U.S.C.A., were omitted from the enumeration in Section 713. Warner v. Goltra, 1934, 293 U.S. 155, 161, 55 S.Ct. 46, 79 L.Ed. 254.

upon. As early as 1873 in United States v. McArdle, 26 Fed.Cas. page 1042, No. 15,653, 2 Sawy. 367, the court considered Section 65 of the original statute, Act of June 7, 1872, c. 322, purporting to define "seaman" and said the following about the statute:

"But section 65 is the one principally relied upon by counsel, as showing that the whole act, and every section of it, however general and unqualified in its terms, must be restrained to the cases of seamen on vessels belonging to the citizens of the United States. * * * Now the effect of all this is only to declare, in a certain class of cases, to-wit, ships 'belonging to any citizen of the United States,' two things already well established: (1) that the person having the command of a ship, shall be deemed the master thereof; and (2) that every person employed thereon shall be deemed a seaman. But the section does not declare that the term 'seaman' as used in the act, or that the act itself, shall be held to apply only to seamen serving on ships belonging to citizens of the United States, and therefore it does not affect the question under consideration * * *".

In Uravic v. F. Jarka Co., 1931, 282 U.S. 234, at page 239, 51 S.Ct. 111, at page 112, 75 L.Ed. 312, the court said:

"But it is said that stevedores only get their rights by a somewhat artificial extension of the word 'seaman' and it is argued that a seaman upon a German vessel clearly would not be given the rights claimed. It is said that the word is defined by R.S. § 4612 (U.S.Code, tit. 46 § 713). But that section merely provides that for the purposes of the chapter 'seaman' shall include persons who otherwise might be deemed not to

be seamen. It is directed to extension not to restriction, as remarked by Judge Crane in Resigno v. F. Jarka Co., 248 N.Y. 225, 242, 162 N.E. 13. * * *"

In Warner v. Goltra, 1934, 293 U.S. 155, at page 161, 55 S.Ct. 46, at page 49, 79 L.Ed. 254, the court said:

"The rule of construction laid down in section 713 must be confined to those sections of the chapter which were contained in the Act of 1872, or in the equivalent provisions of the Revised Statutes, before the Code had rearranged them. The compilers of the Code were not empowered by Congress to amend existing law, and doubtless had no thought of doing so. As to that the command of Congress is too clear to be misread. 1 U.S.C.A. (title page) § 2(a), 44 Stat. p. 1, pt. I. To this it must be added that section 713, even in its relation to the sections fairly within its range, is 'directed to extension not to restriction.' Uravic v. F. Jarka Co., supra, at page 239 of 282 U.S., 51 S.Ct. 111, 112. It means that 'for the purposes of the chapter "seamen" shall include persons who otherwise might be deemed not to be seamen.' It puts into the class some that might otherwise be excluded; it does not take any one out who would otherwise be there. * * *"

We cannot find that Gerradin v. United Fruit Co., supra, has ever been cited by other courts for the proposition that plaintiff may only recover under the Jones Act where the vessel is owned by a citizen of the United States.[2]

Further, there are many cases permitting recovery under the Jones Act where the vessel is not owned by a citizen of the United States.[3]

2. The Second Circuit cited it for that proposition in Taylor v. Atlantic Maritime Co., 1950, 179 F.2d 597, at page 598; certiorari denied, 341 U.S. 915, 71 S.Ct. 736, 95 L.Ed. 1350. But there the plaintiff was an alien, and the lower court's

dismissal of his cause of action was reversed.

3. See Taylor v. Atlantic Maritime Co., supra in note 2; Gambera v. Bergoty, 2d Cir., 1942, 132 F.2d 414, certiorari denied 319 U.S. 742, 63 S.Ct. 1030, 87

## 546

In Lauritzen v. Larsen, 1953, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254, a Jones Act case by a Danish seaman who in New York signed on a ship of Danish flag and registry, owned by a Danish citizen, the court held there was jurisdiction to determine if a cause of action was stated. The real question considered was, what law should be applied to the case and the court determined Danish law was applicable and not the Jones Act. The court reviews the various factors involved, including the allegiance of the defendant ship owner, 345 U.S. at page 587, 73 S.Ct. at page 930. Significantly the court does not cite § 713, Title 46, U.S.C.A., although it does cite the Gerradin case, supra, as an example of our courts pressing beyond the formalities of foreign registration to impose liability on American shipowners.

■ We hold that § 713 of Title 46, U.S.C.A., does not impose limitations in its definition of a seaman, but only extensions, and that plaintiff may maintain his action without an allegation that the vessel is owned by a citizen of the United States.

When the facts are developed, the vessel may be found to be a public vessel rather than a merchant vessel. We do not consider therefore Johansen v. United States, 1952, 343 U.S. 427, 72 S.Ct. 849, 96 L.Ed. 1051, and the application of the Federal Employees' Compensation Act, Title 5 U.S.C.A. § 751 et seq.

For the same reason, we do not consider the Act of December 13, 1950, c. 1136, 64 Stat. 1112, Title 46 U.S.C.A. § 745, an amendment to Section 5 of the Suits in Admiralty Act, providing, "That where a remedy is provided by this chapter it shall hereafter be exclusive of any other action by reason of the same subject matter against the agent or employee of the United States or of any incorporated or unincorporated agency thereof whose act or omission gave rise to the claim".[4]

The motion to dismiss is denied.

L.Ed. 1699; Kyriakos v. Goulandris, 2d Cir., 1945, 151 F.2d 132.

4. See Atlantic Coast Line R. Co. v. Agwilines, Inc., 5 Cir., 1952, 195 F.2d 459.