**Emilius August TJONAMAN, Libelant-Appellant,**

v.

**A/S GLITTRE and Fearnley & Eger, Respondents-Appellees.**

**No. 103, Docket 28337.**

United States Court of Appeals Second Circuit.

Argued Oct. 22, 1964.

Decided Jan. 11, 1965.

Allan C. Rassner, New York City (Jacob Rassner, New York City, on the brief), for libelant-appellant.

David P. H. Watson, New York City (Haight, Gardner, Poor & Havens, and Robert K. Marzik, New York City, of counsel, on the brief), for respondents-appellees.

Before FRIENDLY, KAUFMAN and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge:

On February 14, 1958 the libelant, Emilius August Tjonaman, a Dutch national, who had become a legal resident-alien in the United States twenty-nine days before, signed on as a member of the crew of M/S Ferngrove, a Norwegian owned and registered vessel. He was, and had been for about two years, a member of the Norwegian Seamen's Union, and it was through that organization and Scandinavian Shipping Office, Inc. that he obtained his berth on the ship. He signed the standard form of Norwegian shipping articles in the office of the Norwegian Consulate General in New York. The articles provided, among other things, that Tjonaman's rights and

duties were those "stipulated in Norwegian legislation."

One month later, the libelant was injured aboard the vessel while it was in Ghanian waters. He sued in the United States District Court under the provisions of the Jones Act, 41 Stat. 1007 (1920), 46 U.S.C. § 688 (1952), and the general maritime law of the United States. During the course of the trial, he withdrew his Jones Act suit, but adhered to his claims under the general maritime law. The respondents countered with the assertion that it was not the law of this country, but the substantive law of Norway which applied to the case. The parties stipulated that at the trial there would first be heard and determined, on an agreed set of facts, the issue of whether United States or Norwegian law governed, and that thereafter they would be heard on the merits. On the first issue the district court ruled that Norwegian law applied. Whereupon the libelant conceded that he had no cause of action under Norwegian law, and the court ordered the libel dismissed on the merits. No testimony was offered as to the circumstances of the injury or as to the substantive provisions of Norwegian law. The sole question presented on this appeal is whether or not the court below was correct in deciding that Tjonaman could not invoke the general maritime law of the United States. We decide that the district court was correct and affirm the decision.

In Lauritzen v. Larsen, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953), the Supreme Court listed seven factors which, it said, were generally conceded to influence the choice of law to govern maritime tort claims. They were: the place of the wrongful act; the law of the flag; the national allegiance or domicile of the injured seaman; the national allegiance of the shipowner; the place of contract; the inaccessibility of a foreign forum; and the law of the forum. The Court discussed the weight to be accorded each of them and concluded that three were of particular significance: the law of the flag, the national allegiance of the shipowner, and the allegiance or domicile of the injured seaman. The Court said that "cardinal importance" was to be attached to the law of the flag. In discussing the facts of the case before it, the Court commented that " * * * the weight given to the ensign overbears most other connecting events in determining applicable law" and that it "must prevail unless some heavy counterweight appears." Lauritzen v. Larsen, supra, 345 U.S. at 585–586, 73 S.Ct. at 930. This was a restatement of the settled American principle that the law of the flag controls matters relating to the internal economy or discipline of the ship. Cunard Steamship Co. v. Mellon, 262 U.S. 100, 123, 43 S.Ct. 504, 67 L.Ed. 894 (1923); Restatement, Conflict of Laws, § 405 (1954 Supp.).

Although Lauritzen v. Larsen, supra, involved a claim under the Jones Act, the Supreme Court expressly adopted its reasoning for adjudicating claims under the general maritime law in Romero v. International Terminal Operating Co., 358 U.S. 354, 382, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959). See generally, Currie, "The Silver Oar and All That: A Study of the Romero Case," 27 U.Chi.L.Rev. 1, 72 (1959); Note, "Admiralty and Choice of Law: Lauritzen v. Larsen Applied," 47 Va.L.Rev. 1400 (1961); Note, 36 Tul.L. Rev. 319 (1962).

The present case is readily distinguishable from the "flag of convenience" cases where the foreign registration is only nominal and the vessel belongs to the nation of the flag it flies only for the purpose of avoiding the shipping laws of the United States. Bartholomew v. Universe Tankships, Inc., 263 F.2d 437 (2d Cir.), cert. denied, 359 U.S. 1000, 79 S.Ct. 1138, 13 L.Ed.2d 1030 (1959); Southern Cross Steamship Co. v. Firipis, 285 F.2d 651, 84 A.L.R.2d 895 (4th Cir. 1960), cert. denied 365 U.S. 869, 81 S.Ct. 903, 5 L.Ed.2d 859 (1961); Carroll v. United States, 133 F.2d 690 (2d Cir. 1943); Gerradin v. United Fruit Co., 60 F.2d 927 (2d Cir. 1932), cert. denied 287 U.S. 642, 53 S.Ct. 92, 77 L.Ed. 556 (1933).

In Bartholomew this court, however, not limiting itself to flag of convenience cases, broadly discussed a method of approach for deciding whether a seaman's claim is governed by the laws of the United States or by the laws of some other nation. The method called for the weighing and evaluating of the factors which consist of the contacts "between the transaction involved in the case and the United States and then deciding whether or not they are substantial." This has been interpreted as limiting the dominating importance of the law of the flag to cases with facts practically identical to the Lauritzen case. Brillis v. Chandris (U.S.A.) Inc., 215 F.Supp. 520, 522 (S.D.N.Y.1963); Pavlou v. Ocean Traders Marine Corporation, 211 F.Supp. 320, 324 (S.D.N.Y.1962); 47 Va.L.Review 1400 (1961).

Since the Bartholomew decision the Supreme Court has re-emphasized the paramount importance of the law of the flag. McCulloch v. Sociedad Nacional etc., 372 U.S. 10, 83 S.Ct. 671, 9 L.Ed.2d 547 (1963). This leaves no doubt that the starting point for weighing and evaluating of factors is consideration of that law. The Court said, in Lauritzen, "Perhaps the most venerable and universal rule of maritime law relevant to our problem is that which gives cardinal importance to the law of the flag."

The ultimate issue, then, is whether the substantiality of other existing factors establishing a connection with the United States is sufficient to outweigh the "venerable and universal rule."

In marshaling the pertinent factors in the present case to consider the substantiality of those in support of the libelant's claims, we have before us the facts that the libelant had been for twenty-nine days a resident-alien in the United States, that he signed the articles in New York, that the M/S Ferngrove was frequently in and out of the Port of New York and that the owner, respondent A/S Glittre, maintained a general agent there.

The respondents, on the other hand, call attention to the facts that the libelant is a Dutch national, who had been for approximately two years a member of the Norwegian Seamen's Union, through which he procured a berth on a Norwegian owned and registered vessel, that he signed Norwegian shipping articles in the office of the Norwegian Consulate General in New York and agreed in the written articles that his rights and duties would be those stipulated by Norwegian law, that the libelant suffered the injury, on which he sued, on the vessel while it was in the Port of Takoradi, Ghana and that at no time had he prior thereto served as a crew man on a United States flag vessel.

The only factors in this case which are different from those in Lauritzen are (1) that the libelant's nationality was different from that of the vessel and (2) that he was an alien resident of the United States. Neither of these separately or in combination are sufficient to endow him with rights which substantially all of his shipmates do not have—particularly when he had joined a Norwegian union and signed Norwegian shipping articles. Smith v. Furness, Withy & Co., 119 F.Supp. 369 (S.D.N.Y. 1953).

The trial court, after considering the importance and significance of the factors present in the case, decided that the libelant had "failed to show sufficient factors to justify the application of American law instead of the law of the flag." We agree.

The judgment is affirmed.