**Armando SCOGNAMIGLIO, Plaintiff,**

v.

**HOME LINES, INC., Defendant.**

United States District Court
S. D. New York.

Sept. 28, 1965.

---

1. Plaintiffs' Brief in Opposition to Defendant's Motion for Summary Judgment filed December 11, 1964 at p. 19.

Benjamin B. Sterling, New York City, for plaintiff; Max Cohen, New York City, of counsel.

Kirlin, Campbell & Keating, New York City, for defendant; Thomas Coyne, New York City, of counsel.

WEINFELD, District Judge.

Plaintiff, a foreign seaman, a national of Italy, sues defendant, a Panamanian shipowner, for personal injuries occurring beyond the territorial waters of the United States. He seeks relief under both the Jones Act [1] and general maritime law. The defendant has moved to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted,[2] as well as for other just relief.

■■ Of the seven significant factors enumerated in Lauritzen v. Larsen [3] for determining when the Jones Act is applicable to a claim of a foreign seaman, plaintiff meets but one—that he signed the ship's articles in New York City before the Panamanian Consul General. This alone is insufficient to bring his suit within the Act.[4] Nor do the unsupported assertions of plaintiff's counsel establish that any citizen of the United States has any interest in the defendant corporation or that the foreign registration of the vessel on which plaintiff was injured was nominal and for the purpose of avoiding the shipping laws of the United States, so as to entitle the plaintiff to Jones Act relief.[5]

■■ Similar factual considerations require the Court to decline jurisdiction of the claims for relief under the general maritime law.[6] This case has its most significant contacts with Italy: the plaintiff is a permanent Italian resident without any roots in the United States; the defendant, which maintains one of its two head offices in Italy, organizes its crews which are 95% to 100% Italian there; the agreement under which the plaintiff was employed incorporated an Italian Labor Contract; and the only of-

1. 41 Stat. 1007, 46 U.S.C. § 688.

2. Fed.R.Civ.P. 12(b) (1), (6).

3. 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953).

4. See Brillis v. Chandris, Inc., 215 F.Supp. 520, 522 (S.D.N.Y.1963); Smith v. Furness, Withy & Co., 119 F.Supp. 369 (S.D.

N.Y.1953). Compare Pavlou v. Ocean Traders Marine Corp., 211 F.Supp. 320 (S.D.N.Y.1962).

5. See Lauritzen v. Larsen, 345 U.S. 571, 587, 73 S.Ct. 921, 97 L.Ed. 1254 (1953). Compare Bartholomew v. Universe Tankships, Inc., 263 F.2d 437 (2d Cir.), cert. denied, 359 U.S. 1000, 79 S.Ct. 1138, 3 L.Ed.2d 1030 (1959).

ficial report of the accident in which the plaintiff was injured was made to an Italian governmental agency. These contacts not only give reason to decline jurisdiction but also indicate that Italian substantive law governs the decision of this case—a further reason for declining jurisdiction.[7] Moreover, an Italian forum clearly would be more convenient for trial than an American one for both the plaintiff and the defendant. All witnesses who gave statements concerning the accident are Italian residents; the doctor who first treated the plaintiff is an Italian resident; all records pertaining to the vessel and its condition are kept in Italy, and all but one of the ship's officers live there or in neighboring Switzerland.

The motion to dismiss is granted.

---

6. Spencer v. Alcoa S.S. Co., 221 F.Supp. 343 (E.D.N.Y.), aff'd, 324 F.2d 957 (2d Cir. 1963) ; Smith v. Furness, Withy & Co., 119 F.Supp. 369 (S.D.N.Y.1953). Cf. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); Tjonaman v. A/S Glittre, 340 F.2d 290 (2d Cir.), cert. denied, 381 U.S. 925, 85 S.Ct. 1561, 14 L.Ed.2d 684 (1965) ; Vanity Fair Mills v. T. Eaton Co., 234 F.2d 633, 645-48 (2d Cir.), cert. denied, 352

U.S. 871, 77 S.Ct. 96, 1 L.Ed.2d 76 (1956). Compare Kloeckner Reederei und Kohlenhandel v. A/S Hakedal, 210 F.2d 754 (2d Cir.), appeal dismissed, 348 U.S. 801, 75 S.Ct. 17, 99 L.Ed. 633 (1954) ; Kalyvakis v. The T.S.S. Olympia 181 F.Supp. 32 (S.D.N.Y.1960).

7. See Gulf Oil Corp. v. Gilbert, supra note 6, at 512, 67 S.Ct. 839; Vanity Fair Mills v. T. Eaton Co., supra note 6, 23 at 645-48.