**John LOCKWOOD, Plaintiff,**

v.

**The M/S ROYAL VIKING STAR, et al., Defendants.**

**No. CV 85–4551–JSL(Kx).**

United States District Court, C.D. California.

July 23, 1986.

## ORDER GRANTING SUMMARY JUDGMENT ON GROUND OF LACK OF SUBJECT MATTER JURISDICTION

LETTS, District Judge.

Defendants Royal Viking Star, et al., have moved for summary judgment seeking dismissal for lack of subject-matter jurisdiction, on the ground that this Jones Act action by Plaintiff John Lockwood is governed by Norwegian law. Defendants filed their motion on May 9, 1986. Plaintiff filed his opposition on May 22. Defendants' reply papers were filed on May 29. After oral argument, the Court requested supplemental affidavits. Following receipt of the parties' additional submissions, the matter was taken under submission. After a thorough review of the file, the Court believes that Norwegian law governs this action and therefore that defendants' motion must be granted.

## DISCUSSION

### I. QUESTION PRESENTED

The parties agree that the question presented is whether United States law or Norwegian law should apply to an alleged injury to an American citizen which occurred on board a Norwegian ship in Hong Kong. If Norwegian law applies, then Plaintiff fails to state a cause of action under the Jones Act or the general maritime laws of the United States and this Court lacks subject-matter jurisdiction over Plaintiff's claims.

### II. FACTORS TO BE CONSIDERED

The parties also agree that the factors to be considered by a court choosing between American and foreign maritime laws were set forth by the Ninth Circuit in *Bilyk v. Vessel Nair*, 754 F.2d 1541 (9th Cir.1985). An analysis of these factors leads this Court to conclude that Norwegian law must apply here.

### A. Law of the flag

The flag flown by the ship on which the injury occurred is of "cardinal importance." *Id.* at 1543 (quoting *Lauritzen v. Larsen,* 345 U.S. 571, 584, 73 S.Ct. 921, 929, 97 L.Ed. 1254 (1953)). The *Bilyk* Court noted that some lower courts in other circuits have placed the greatest weight on the citizenship of the plaintiff, but stated unambiguously that "*Lauritzen* itself firmly mandates that *the law of the flag controls,* unless other factors point decidedly in a different direction."[1] 754 F.2d at 1545 (emphasis added). Here, the fact that the vessel is Norwegian and flies the Norwegian flag is undisputed.

### B. Base of operations

Defendants have provided convincing evidence that the Royal Viking Star is based in Oslo, Norway. Oslo is both the ship's home port and the headquarters of its owners. Plaintiff does not controvert this fact by alleging in his papers that the ship is based in San Francisco. This allegation apparently springs from the fact that Plaintiff "was recruited to work" for defendant Royal Viking Lines at its San Francisco office.

### C. Allegiance of defendant shipowner

The uncontroverted facts indicate that the Royal Viking Star is owned and operated by a Norwegian corporation.

### D. Inaccessibility of Foreign Forum

Plaintiff argues that Norway is an inconvenient forum in which to pursue his claims. Defendants assert that this is not the key element of the test, and argue that this Court must instead focus on whether the Plaintiff will have legal access to the Norwegian forum. *See Villar v. Crowley Maritime Corp.,* 782 F.2d 1478, 1482 (9th Cir.1986). The Court agrees with defendants' characterization of this factor.

Plaintiff has made no showing that the laws of Norway or the rules of its Courts will fail to provide him with an adequate legal forum for pursuit of his claims. In the absence of such a showing, the Court cannot conclude that this factor weighs heavily in Plaintiff's favor.[2]

### E. Place of the wrongful act

It is undisputed that the alleged incident here occurred on board the Viking Star while it was in Hong Kong. If anything, this factor thus cuts against application of American law.

### F. Place of contract

With respect to this factor, the Ninth Circuit in *Bilyk* faced a virtually identical situation to that which is presented here. Defendants provide documentary evidence and affidavits which establish that the Plaintiff's employment contract was actually executed at the Norwegian consulate in Kobe, Japan. Plaintiff asserts that he actually "contracted" (apparently orally) in San Francisco. In *Bilyk,* each party made similar assertions. There, the Court said:

> A factual battle over the actual location would be pointless. For claims not on the contract, the *Lauritzen* Court found this factor useful *only insofar as the contract stipulated whose law would apply.* 345 U.S. at 588–89, 73 S.Ct. at 931.

754 F.2d at 1544 (emphasis added). *See also Villar,* 782 F.2d at 1481 (choice of law expressed in contract is "much more impor-

---

1. As Justice Harlan, dissenting in *Hellenic Lines Ltd. v. Rhoditis,* 398 U.S. 306, 90 S.Ct. 1731, 1736 n. 1, 26 L.Ed.2d 252 (1970), explained,

   The principle of deference to the law of the flag had its origins in the fiction that the vessel was an extension of the sovereign territory of the country whose ensign it flew. As Mr. Justice Jackson noted in *Lauritzen,* the principle draws practical strength from the practical necessity of providing predictable rules for shipboard conduct, rules that would, under conventional territorial principles, be changing as the vessel traveled over the high seas and through different territorial waters.

2. In *Villar,* the Ninth Circuit pointed out that the district court had conditioned its order on defendants' agreement to waive jurisdictional, venue and statute of limitations defenses they might have if plaintiff pursued his claims in the Philippines. 782 F.2d at 1481. Here, Plaintiff has not asserted that he anticipates any such defenses; therefore such a condition need not be placed on this Court's order.

tant" than place of contracting). In this case, the contract stipulates that Norwegian law will apply. This factor thus cuts strongly in defendants' favor.

### G. *Law of the forum*

Obviously, this case was brought in the United States and defendant Royal Viking Cruise Line, Inc., a California corporation, was served in the United States. This factor was given little weight by the Supreme Court in *Lauritzen*, 345 U.S. at 590–92, 73 S.Ct. at 923–33 (defendant served in New York) and by the Ninth Circuit in *Bilyk*, 754 F.2d at 1544 (defendant apparently served in California) and *Villar*, 782 F.2d at 1482 (same). Quoting *Lauritzen*, the *Bilyk* Court reasoned that "Jurisdiction of maritime cases in all countries is so wide and the nature of its subject matter so far-flung that there would be no justification for altering the law of a controversy just because local jurisdiction of the parties is obtainable." 754 F.2d at 1544 (quoting 345 U.S. at 591, 73 S.Ct. at 932).[3]

### H. *Allegiance or domicile of the injured*

There is no dispute over the fact that Plaintiff is a citizen of the United States. This factor is "an important consideration," *Villar*, 782 F.2d at 1481, and certainly weighs in Plaintiff's favor. However, the citizenship of the injured person is not itself determinative. In *Bilyk*, the Ninth Circuit held against a plaintiff who was an American citizen, stating that "apparently no case has arisen in which an American citizen seaman has sought to invoke United States maritime law on this basis alone." 754 F.2d at 1544. The Court noted that those cases applying United States law to maritime torts involved other important contacts with the United States. *See, e.g.,* *Uravic v. F. Jarka Co.*, 282 U.S. 234, 237–38, 51 S.Ct. 111, 112, 75 L.Ed. 312 (1931)

(defendant was American company and accident occurred in U.S.); *Symonette Shipyards v. Clark*, 365 F.2d 464, 467 (5th Cir.1966) (plaintiffs employed by an American; ship's articles and employment contract signed in U.S.), *cert. denied,* 387 U.S. 908, 87 S.Ct. 1690, 18 L.Ed.2d 625 (1967); *Shorter v. Bermuda & West Indies S.S. Co.*, 57 F.2d 313 (S.D.N.Y.1932) (accident occurred in U.S. port). The *Bilyk* Court also pointed out that in *Tjonaman v. A/S Glittre*, 340 F.2d 290, 291–92 (2d Cir.), *cert. denied,* 381 U.S. 925, 85 S.Ct. 1561, 14 L.Ed.2d 684 (1965), the Second Circuit found against an American plaintiff because he "failed to show sufficient factors to justify the application of American law instead of the law of the flag."

### I. *Other factors*

The factors recited above are not exhaustive. *See Bilyk*, 754 F.2d at 1544. The Court has considered Plaintiff's other arguments and finds that they lack persuasive force. In fact, some of his arguments undermine his position. For example, he argues in his papers that defendant breached the terms of his employment contract, making reference to a portion of the contract which recites the requirements of the Norwegian Seaman's Act of 1975. This would tend to demonstrate that he may have a viable claim under Norwegian law and that he has counsel capable of arguing it, not that American law should apply. Another factor in defendant's favor is that Plaintiff, who claims to have been unaware of the choice of law clause in his employment contract, had on a prior occasion signed an identical contract with defendant.

### CONCLUSION

Despite the American citizenship of Plaintiff, the Court believes that other factors weigh against the application of American law to this case. Of crucial im-

---

**3.** Justice Jackson, writing for the Court in *Lauritzen,* said that merely because a defendant does regular business in the United States and is therefore subject to "service of process may fall quite short of the considerations necessary to bring extraterritorial torts to judgment under our law." 345 U.S. at 590, 73 S.Ct. at 932. He further noted that "the virtue and utility of

sea-borne commerce lies in its frequent and important contacts with more than one country. If ... the courts of each were to exploit every such contact ... a multiplicity of conflicting and overlapping burdens would blight international carriage by sea." *Id.* at 591, 73 S.Ct. at 932.

portance are that the Royal Viking Star flies the flag of Norway and is based in Norway; that the ship is owned by a Norwegian corporation; and that the employment contract contains a choice of law clause which selects Norwegian law. Plaintiff has failed to persuade this Court that he lacks adequate access to a Norwegian forum, or that any other factors outweigh those recited above.

The purpose of this analysis "is to balance the interests of the nations whose law might apply" to a maritime tort. *Bilyk*, 754 F.2d at 1541. The Court must "reconcile the all-embracing language of the Jones Act with those principles of comity embodied in international and maritime law that are designed to 'foster amicable and workable commericial relations.'" *Rhoditis*, 398 U.S. at 318, 90 S.Ct. at 1738 (Harlan, J., dissenting). While this is not a simple task, the Court has decided that the balance must be struck in this case in favor of defendants. Defendants' motion for summary judgment, seeking dismissal of this case for lack of subject-matter jurisdiction, is therefore GRANTED.

So ordered.